Arthur E. Blauvelt, J.
This is an action at law on contract tried before the court without a jury. Plaintiffs seek to recover under an insurance policy for damage to an aircraft, claimed to have been owned by them on July 4,1959, on which date the aircraft accidently crashed and was extensively damaged while being landed by plaintiff Victor Nowrocki at an airport in the Town of Williamson, Wayne County, New York.
Plaintiff Hedges Enterprises, Inc., hereinafter called Hedges, is a domestic corporation with its principal place of business in Monroe County, New York. Plaintiffs Victor Nowrocki and Stanley Nowrocki are brothers who reside in Monroe County, New York, and who are respectively president and secretary-treasurer of the corporate plaintiff Hedges. The defendant Fireman’s Fund Insurance Company, hereinafter called the insurer, is a foreign corporation, duly authorized to do business in the State of New York through its agent Associated Aviation Underwriters.
Prior to 1959, plaintiffs Nowrocki each had been issued Student Pilot Certificates by the Civil Aeronautics Administration (now the Federal Aviation Agency) of the United States Department of Commerce, which certificates authorized each of them to pilot aircraft, subject to the limitations imposed by the Civil Air Regulations promulgated by the administrator of the Federal Aviation Agency. Each of the brothers had been taking-flight instruction under the supervision of a certificated flight instructor (CFI), as a preliminary to obtaining private pilot certificates. Prior to the accident of July 4, 1959, plaintiff Victor Nowrocki, according- to his Pilot Flight Record and Log Book (Ex. 2) had had 31 hours and 55 minutes of dual instruction time and 14 hours and 45 minutes of solo flight time. Actually, according to the evidence produced at the trial, the entry in the log book of the 1 hour and 10 minutes flight on July 4, 1959 from Ogdensburg to Williamson is erroneously logged as dual flight instruction and should have been entered as solo flight time. With this correction, it appears that at the time he crashed the aircraft, Victor Nowrocki had actually *251 logged 30 hours and 45 minutes of dual flight instruction and 15 hours and 55 minutes of solo flight time.
In contemplation of the purchase of an airplane, plaintiffs had since sometime in 1958 been making inquiries of Leonard N. Pilaroscia, a Rochester insurance agent and an authorized representative of defendant, relative to obtaining insurance to protect them against loss or damage to any airplane purchased. Plaintiffs became interested in purchasing a 1958 Cessna Sky-lane airplane, Model 182, serial No. 51056, registration mark N4956D, which was owned by Aeronautical Enterprises, Inc., of Ogdensburg, N. Y., a corporation engaged in the business of selling and servicing aircraft and having in its employ a certificated flight instructor named David L. Johnson. On June 2 or June 3, 1959 Victor Nowrocki was given 2 hours and 45 minutes of dual instruction in the Cessna by GIF Johnson and was checked out by him as competent to solo that airplane (Exs. 2, 3 and 8). Victor Nowrocki had previously and on May 1, 1959, been checked out by GIF Coakley as competent to make solo cross-country flights (Ex. 3). At some undetermined date prior to July 4, 1959 plaintiffs agreed to purchase the Cessna airplane from Aeronautical Enterprises, Inc., for $13,500. On June 5, 1959 plaintiffs by Victor Nowrocki made a written application to defendant through its agent Pilaroscia for aircraft hull insurance, and on July 3, 1959 the insurance policy was ordered and a binder issued. The actual policy was completed on July 15,1959 and in conformance with the binder was issued for a period of one year from noon July 3, 1959.
This policy of insurance, which is the subject matter of this lawsuit, insured plaintiffs up to the amount of $13,500, subject to a deduction of $1,000, from all risks of physical loss or damage to the Cessna airplane, subject to the declarations, general conditions and other terms of the policy, for a yearly premium of $810 which was paid to the insurer.
On July 4, 1959 plaintiffs took delivery of the Cessna at Ogdensburg, N. Y., from where it was flown by Victor Nowrocki to the airport at Williamson, N. Y. After having landed at the airport, Victor Nowrocki took off in the airplane for a local flight to practice a solo take-off and landing. As he was attempting to land the plane at this Williamson airport, the airplane crashed on its nose and was damaged in the amount of $4,700/
The foregoing facts which were adduced upon the trial would be sufficient to entitle the plaintiffs to a judgment in their favor for $3,700, except for the four affirmative defenses interposed by defendant based upon the declarations, general conditions *252 and exclusions contained in the policy (Ex. 1). Defendant contends that plaintiffs breached the terms of the insurance contract and urges four basic violations of the policy terms, anyone of which if sustained would preclude recovery in this action. It seems necessary to discuss these four affirmative defenses seriatim.
First Affirmative Defense.
Defendant insurer bases its first defense upon an exclusion clause, contained in paragraph 10 of the General Conditions of the policy, the pertinent part of which reads as follows: “ This policy does not cover loss or damage occurring while the aircraft: (1) is being used for any unlawful purpose with the consent of the insured, or of an executive officer if the insured be a corporation ”.
Insurer claims that at the time of the accident the airplane was being used for an unlawful purpose in that Victor Nowrocki, the holder of only a student pilot certificate, was then piloting the airplane while carrying his brother Stanley Nowrocki as a passenger. If in fact Stanley Nowrocki was a passenger in the aircraft at the time it crashed, recovery would be denied plaintiffs for that reason, as under the pertinent statutes of the State of New York and of the United States and the rules and regulations of the Federal Aviation Agency as set forth in the Code of Federal Regulations: “No student pilot shall pilot an aircraft carrying a passenger ”. (See General Business Law, §§ 241, 242, 246; U. S. Code, tit. 49, §§ 1421, 1422, 1430; Code of Fed. Reg., tit. 14, § 43.52.) However, in the opinion of the court, defendant failed to establish by the necessary fair preponderance of the credible evidence required that Stanley Nowrocki was a passenger in the Cessna when it crashed. I find as a matter of fact that Stanley Nowrocki was not in the Cessna at the time it crashed, notwithstanding the testimony of defendant’s witnesses who recalled otherwise.
Even if Stanley Nowrocki had been in the plane there is serious question that he should bo classed as a “ passenger ”. The Cessna was equipped with dual controls and Stanley Nowrocki was on July 4, 1959, the holder of a student pilot certificate. If necessary, it could be argued with convincing force that if Stanley Nowrocki had been in the plane that he would have been considered as a “ second pilot V while the operator Victor Nowrocki would have been the “pilot in command ” under the definitions contained in the rules and regulations of the Federal Aviation Agency (Code of Fed. Reg., tit. 14, § 20.5). Accordingly, the first affirmative defense must be dismissed.
*253 Second Affirmative Defense.
Defendant insurer’s second defense is based upon the same exclusion clause above mentioned, it being claimed by insurer that at the time of the accident the airplane was being used for an unlawful purpose in that the Cessna was being operated without having been properly registered by its owner, pursuant to the requirements of Federal and State statutes and the rules and regulations of the Federal Aviation Agency. In connection with this second defense, I find from the evidence that prior to the purchase of the Cessna by plaintiffs, the then owner, Aeronautical Enterprises, Inc., had been duly issued a dealer’s aircraft registration certificate for that aircraft under the registration mark “ N4956D ” by the Administrator of the Federal Aviation Agency or his predecessor the Administrator of Civil Aeronautics. At the time of the purchase of the plane by plaintiffs from the owner-dealer and the delivery of same to plaintiffs at Ogdensburg, N. Y., on July 4, 1959, and prior to the happening of the accident there was no application made to transfer ownership and to register the aircraft in the name of the purchasers. The application by the new owners for a certificate of registration of this previously dealer-registered aircraft was not made until at least two days after the accident, as the bill of sale (Ex. 4) and the retail installment contract (Ex. 12) were dated July 6, 1959, both of which instruments would necessarily be part of the application papers for the registration of the Cessna in the name of the new owners. Both Federal and State statutes make it unlawful for any person to operate any aircraft if such aircraft is not registered by its owner in the manner prescribed by the rules and regulations of the Federal Aviation Agency. (U. S. Code, tit. 49, §§ 1401,1430; General Business Law, §§ 243, 246.) The rules and regulations of the Federal Aviation Agency provide that a certificate of registration for a previously registered aircraft will be issued to an applicant by the Administrator of Civil Aeronautics (Administrator of the Federal Aviation Agency) upon submission of a duly executed application for registration, together with the registration fee and documentary proofs of ownership, including bill of sale and conditional sale contract, if any. (Code Fed. Beg., tit. 14, § 501.4, subd. [b].) The regulations further state, in pertinent part: “An aircraft will be deemed to be registered upon the date the documents required * * * are mailed or delivered to the Administrator ”. (Code of Fed. Beg., tit. 14, former § 501.5, now § 501.6.) It is further provided by the regulations in respect to transfer of ownership of an aircraft *254 from a dealer: ‘ ‘ Whenever the ownership of an aircraft is transferred to a person who is not the possessor of a valid dealer’s aircraft registration certificate, the purchaser shall make application for registration of the aircraft in his name in accordance with the provisions of Part 501 of this chapter prior to the operation of the aircraft.” (Code of Fed. Reg., tit. 14, § 502.4, subd. [b].) Inasmuch as the application for registration of the plane by the new owners had not been submitted to the Administrator of the Federal Aviation Agency until at least two days following the accident of July 4, 1959, it must be found that the aircraft was being operated unlawfully by Victor Nowrocki at the time of the crash.
Plaintiffs urge that, even if it be found that the operation of the plane was in violation of law by reason of lack of registration in the name of the purchasers, recovery by the plaintiffs should not be denied for the reason that there is no causative connection between the violation and the loss and damage to the plane. In other words, plaintiffs contend that the status of the plane’s registration was not a proximate cause of the crash and resulting damage. This position taken by plaintiffs is untenable. By the very wording of the exclusion clause, the policy does not cover loss or damage occurring while the aircraft is being used for an unlawful purpose. The operation of the exclusion clause is not limited to loss or damage caused by use of the plane for an unlawful purpose. It is not incumbent upon the insurer to show causal connection between the loss and noncompliance with the terms of the exclusion clause in order to preclude recovery. (Des Marais v. Thomas, 147 N. Y. S. 2d 223, affd. 1 A D 2d 1002.) In discussing an analgous clause of an insurance policy, Mr. Justice Cardozo of the Supreme Court of the United States wrote: “ Courts of high authority have held in policies so phrased there is no need of any causal nexus between the injury or death and the forbidden forms of conduct. While the proscribed activity continues, the insurance is suspended as if it had never been in force.” (Travelers’ Assn. v. Prinsen, 291 U. S. 576, 582. See, also, Underwriters At Lloyd’s of London v. Cordova Airlines, 283 F. 2d 659; Bruce v. Lumbermen’s Mut. Cas. Co., 127 F. Supp. 124, affd. 222 F. 2d 642.)
For the reasons above stated, the second affirmative defense must be sustained as valid.
Third Affirmative Defense.
By this defense defendant insurer contends that the entire policy was rendered void, pursuant to the provisions of paragraph 11 of the General Conditions of the policy, because plain *255 tiffs were not the sole owners of the aircraft at the time the accident occurred. There is no merit to this defense. Plaintiffs were the sole and unconditional owners of the Cessna airplane at the time of the accident, within the meaning of the policy. Title to the plane passed to plaintiffs when it was delivered to and accepted by the purchasers at Ogdensburg, N. Y., on July 4, 1959, even though payment of the total purchase price was deferred and the documentary indicia of title were not executed and delivered until at least July 6, 1959. (Personal Property Law, §§ 99,100.) The insurer had knowledge of and consented to the lien encumbrance on the airplane held by the bank that financed part of the purchase price, as evidenced by the insurer’s indorsement No. 1, effective July 3, 1959, and attached to the policy of insurance (Ex. 1). The Federal statute provides that “ Registration shall not be evidence of ownership of aircraft in any proceeding in which such ownership by a particular person is, or may be, in issue.” (U. S. Code, tit. 49, § 1401, subd. [f].)
The rule is stated in an authoritative textbook on Insurance as follows: “ A vendee under an executory contract of purchase binding him absolutely to complete and take the whole title, whether of real or personal property, is held to be the sole and unconditional owner, though the formal instrument of transfer be not yet delivered ”. (3 Richards, Insurance [5th ed.], § 515, p. 1680, citing Stowell v. Clark, 47 App. Div. 626, affd. 171 N. Y. 673, on opinion below.) The third affirmative defense must be dismissed.
Fourth Affirmative Defense.
The fourth defense to this action involves the meaning and interpretation of one of the conditions of the policy, set out at Item 5 of the Declarations, which stipulates: ‘1 The aircraft will be operated only by the following pilots: Victor Nowrocki Student Pilot and/or Stanley Nowrocki Student Pilot while under the direct supervision of their duly certificated flight instructor until a Private Pilots license is obtained.”
It was undisputed that at the time the airplane crashed it was being operated by Victor Nowrocki who held only a Student Pilot Certificate (Ex. 3). His duly certificated flight instructor was David L. Johnson who at the time of the accident was in Ogdensburg, N. Y., or at least that was where he had remained when the Nowrockis departed with the Cessna for Williamson earlier on the day of the accident. GIF Johnson testified that he was not at the Williamson airport at the time of the accident and did not hear about it until Victor Nowrocki telephoned him about 7:00 p.m. on the evening of July 4,1959. From the above, *256 it must be found that at the time of the accident Victor Nowrocki did not have a Private Pilot Certificate and that he was not operating the plane when it crashed ‘ ‘ under the direct supervision ” of his OIF, which was a violation of a material provision of the policy which is clear and unambiguous. The fourth affirmative defense is valid and must be sustained.
Written requests to find have been respectively submitted by the parties.
[Determinations as to requests to find omitted.]
Motion deemed to have been made by plaintiffs for a dismissal of the first and third affirmative defenses in the answer is granted, with exception to defendant.
Motion deemed to have been made by plaintiffs for a dismissal of the second and fourth affirmative defenses in the answer is denied, with exception to plaintiffs.
Motion deemed to have been made by plaintiffs for judgment in their favor against the defendant is denied, with exception to plaintiffs.
Motion made by defendant at the close of the proofs for judgment in its favor dismissing the plaintiffs’ complaint, upon which motion the court reserved its decision at the trial, is granted, with exception to plaintiffs.
Accordingly, let judgment be entered in favor of defendant against plaintiffs.