Argued April 9, affirmed May 21, petition for rehearing
denied July 15, 1969

CODY, *Respondent, v.* INSURANCE COMPANY OF OREGON, *Appellant.*

454 P2d 859

*Austin W. Crowe, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Walter J. Cosgrave, and Maguire, Kester & Cosgrave, Portland.

*John J. Haugh,* Portland, argued the cause for respondent. With him on the brief were Allen T. Murphy, Jr., and Green, Richardson, Griswold & Murphy, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and HAMMOND,* Justices.

HOLMAN, J.

This is an action for damages because of the breach of a claimed contract of fire and extended coverage insurance. Defendant insurance company appealed

---

* Hammond, J. did not participate in the decision of this case.

from a judgment in favor of plaintiff, who was the person claimed to have been insured.

After verdict and judgment for plaintiff, he is entitled to the most favorable statement of facts that is justified by the evidence. The following is such a statement. Plaintiff was the owner of airport facilities. About October 1, 1962, plaintiff leased the facilities to one Mitzel, with whom he agreed that the facilities would be insured by Mitzel in plaintiff's favor. After the signing of the lease, Mitzel and plaintiff consulted on October 3 with Robert Young, an insurance agent, concerning coverage. Young inspected the facilities and told plaintiff and Mitzel they were covered for a designated part of the facilities for fire and extended coverage insurance including damage by windstorm. Young was an agent of defendant with authority to accept coverage upon defendant's behalf without first notifying the company. There were no exceptions to the kinds of property he was authorized to insure.

On October 4, Young wrote to defendant, requesting a policy on the property from October 3. The letter detailed the terms of the insurance. Defendant issued no policy and the request was returned to Young by defendant with the information that the defendant did not write airport coverage. No notice was given plaintiff or Mitzel that the policy was not being issued or that there was no coverage. Young did not inform plaintiff of the company with which he was placing the risk.

On October 10, after defendant's refusal to issue the policy, Young requested an insurance broker to attempt to secure coverage for plaintiff. Before any coverage was secured by the broker, the Columbus Day windstorm of October 12, 1962, inflicted damage upon

the facilities upon which Young had told plaintiff he had coverage.

Plaintiff notified Young of the damage. Four or five days later Young sent out two contractors to estimate the extent of the damage. Three weeks later he sent a contractor to repair a hole in the roof of a hangar. Thereafter, Young told plaintiff that the broker he had contacted on October 10 was trying to get out of the coverage. Plaintiff, Young and Mitzel went together to the broker's office. The broker denied securing any coverage for plaintiff. About Christmas, 1962, Young told plaintiff, for the first time, there was no coverage.

In 1963 plaintiff consulted an attorney concerning his rights against Young. In June, 1963, an action was filed against Young. On September 22, 1964, Young's deposition was taken in that case and he was asked to produce all of his corresponcence relative to the matter. He produced his letter to defendant requesting the issuance of the policy to plaintiff, and plaintiff was thus informed for the first time of defendant's possible interest in the matter. On September 20, 1965, two days less than a year after plaintiff's discovery of Young's letter to defendant, plaintiff filed the present action, claiming defendant was orally bound by Young on the risk at the time of the loss. Plaintiff also pleaded that by failing to disclose its coverage until September 22, 1964, defendant was estopped to assert any policy provision that an action must . be commenced within 12 months after the loss. ORS 744.100① provided that all such policies of insurance must contain a provision requiring that an action upon the policy be brought within one year of the alleged

---

① Repealed by Oregon Laws 1967, ch 359, § 704.

loss. Defendant filed an answer which included a denial and an affirmative defense that the action was not commenced within a year of the loss.

■ Defendant contends the trial court erred in not granting an involuntary nonsuit or a directed verdict in its favor. It first asserts that there were only vague discussions of possible coverage which did not constitute sufficient evidence of an actual agreement. Before an oral contract of insurance can exist, five elements must be agreed upon. They are:

1. The thing insured.
2. The risk insured against.
3. The amount of insurance.
4. The duration of the risk.
5. The premium to be paid.

*Rodgers Ins. v. Andersen Machinery,* 211 Or 459, 469, 316 P2d 497 (1957); *Cerino v. Oregon Physicians' Service,* 202 Or 474, 484-485, 276 P2d 397 (1954); *Cleveland Oil Co. v. Ins. Society,* 34 Or 228, 233-234, 55 P 435 (1898).

■ Young's letter to defendant requesting the issuance of the policy included specific terms covering the first four requisites listed above. Plaintiff and, to some extent, Mitzel testified these were the terms agreed upon. It is difficult to visualize how Young knew the terms to place in his letter to defendant in the absence of an agreement with plaintiff and Mitzel on them. In addition, plaintiff and Mitzel testified that the premium was to be approximately $300 and that Young told them that they were not to worry, that there was coverage as of the time of their discussion. The evidence was adequate for the jury to find that the terms were specific, that an agreement had

been reached, that Young had the authority to and did assume the risk for defendant, and that no cancellation of the coverage occurred prior to the loss. Defendant makes no contention that, if it was once bound, the coverage could be terminated other than by notice to plaintiff. It only contends it was not bound in the first instance.

■ Defendant next contends that plaintiff's complaint failed to state facts sufficient to estop it from asserting the statutory twelve-month time limitation contained in ORS 744.100 for bringing an action under a policy of fire insurance. One seeking the benefit of an estoppel must plead the facts out of which the estoppel arises. *Reed v. Commercial Ins. Co.*, 248 Or 152, 154, 432 P2d 691 (1967). The allegations of the complaint are as follows:

"VII.

"That the plaintiff, as insured owner of the said buildings, notified the defendant of said windstorm damage loss through its agent, Robert Young, who originally informed the plaintiff that said loss was covered by said verbal binder but, subsequently, notified the plaintiff there was no coverage for said loss and that the defendant refused to pay said sum or any part thereof.

"VIII.

"That on or about September 22, 1964, the plaintiff learned from said Agent Young for the first time, the name of the defendant and that said binder, marked Exhibit "A" had been issued and bound coverage with said defendant.

"IX.

"That the defendant by failing to disclose its name to the plaintiff and that said coverage was bound by defendant until September 22, 1964, and by failing to issue a policy of insurance on said

buildings to the plaintiff, said defendant has waived any policy and statutory provisions that said action be commenced within twelve months next after the inception of the loss and is estopped from asserting any such policy or statutory provisions."

It is our opinion that the complaint adequately stated facts sufficient to constitute an estoppel. It alleges that defendant failed to disclose until less than a year prior to the commencement of the action that the coverage was bound by defendant. It also alleges that defendant's agent Young told plaintiff there was no coverage. Defendant contends it had no obligation to disclose its coverage, that the complaint alleges no positive conduct by its misleading plaintiff to his detriment, and that it was not responsible for the delay by plaintiff in filing his action. We disagree because we believe defendant did have an obligation to disclose its coverage and because defendant did take positive action to mislead plaintiff when its agent told plaintiff there was no coverage of any kind. While it is not alleged, the evidence shows that defendant's agent represented that he had secured coverage through a broker for plaintiff, thus directing attention away from defendant as a potential source of coverage. Plaintiff could not be expected to file within the statutory time. Defendant secreted its coverage from him and its agent misled him about the agent's actions in securing coverage.

Defendant also contends that even if an estoppel did arise, an action brought after the limitation period must be brought within a reasonable time after the truth is discovered. It argues that bringing an action two days less than a year after discovery does not constitute bringing it within a reasonable time. Defendant cites as authority *Gilbert v. Globe & Rutgers*

*Fire Ins. Co.,* 91 Or 59, 174 P 1161, 178 P 358 (1919). Apparently, defendant was satisfied with reading the headnotes of the case, which are not very revealing and which, in fact, are misleading. In its original opinion, the court laid down the rule contended for by defendant. However, upon rehearing, it laid down the following rule at pp 70 and 71:

> "* * * there is a strong line of authorities which hold to the view that such acts of the defendant as are indicated in the present case do not, in the strict sense, constitute a waiver, but a simple case of estoppel, *the effect of which is to suspend the time limitation of the contract until the hour when the estoppel is removed* by notice to the plaintiff that his claim is repudiated, at which moment the contract limitation again becomes effective, and gives the plaintiff twelve months from that date in which to begin his action. Among the authorities supporting this doctrine, we note * * *."
> [Here court reviews authorities.]
>
> "* * * These authorities appear to us to be founded upon the better reasoning and we therefore conclude that plaintiff having failed to commence his action within twelve months after being notified that defendant repudiated his claim, the action is barred, and the petition for a rehearing must be denied." (Emphasis supplied.)

After the estoppel was removed by disclosure of defendant's coverage to plaintiff, plaintiff had a year within which to bring the action.

■ Defendant next contends that the trial court erred when it prohibited defendant from arguing to the jury that allegations in prior complaints, which were in evidence, were inconsistent with plaintiff's position at trial.

One such complaint was filed in plaintiff's case

against Young. Plaintiff alleged that Young had represented to him that insurance had been obtained or *would be obtained* in the future. The transcript indicates defendant was permitted to make his argument that plaintiff's contention in his complaint against Young was inconsistent with plaintiff's present position. It also indicates there was neither an objection to the argument made by plaintiff nor any ruling concerning the argument made by the court.

The other complaints were prior ones filed in the present action in which plaintiff contended that Young had also bound other insurance companies subsequent to the binding of defendant. Defendant was stopped by the court in its argument concerning the fact that plaintiff had thereby previously claimed that someone other than defendant had been bound by Young on the risk and now he was making a claim against only defendant. In our opinion it was error to limit defendant in its argument. However, it was not prejudicial error. It was not a vital argument at best. The complaints were in evidence for the jury to see. Also defendant had pretty well made his point before he was stopped and there was no instruction by the court to the jury to disregard that part of the argument already made.

The judgment of the trial court is affirmed.