286 So.2d 261 (1973)
RANGER INSURANCE COMPANY, a Foreign Corporation, Authorized to Do Business in the State of Florida, Appellant,
v.
John HARRELL, Appellee.
No. 73-273.
District Court of Appeal of Florida, Second District.
December 5, 1973.
James F. Page, Jr., of Best & Sears, Orlando, for appellant.
Joe A. McClain, of McClain & Hobby, Dade City, for appellee.
GRIMES, Judge.
Ranger Insurance Company (Ranger) appeals from a final judgment entered following a non-jury trial.
John Harrell (Harrell) owned an airplane and had a student pilot's license. Ranger issued a policy to Harrell which insured the airplane. The policy contained the following endorsement:
"This Policy does not apply to any occurrence or to any loss or damage occurring while the aircraft is being operated in flight by a Student Pilot unless each flight is under the direct supervision and specifically approved by a properly qualified Flight Instructor certificated by the Federal Aviation Administration. This exclusion is not applicable to any Student Pilot following issuance of a Private Pilot Certificate."
On October 28, 1971, Harrell crashed his airplane on a solo flight from Leesburg to Gainesville. Several months before the accident, Harrell's certified flight instructor had authorized him to make unsupervised cross-country solo flights. However, the flight instructor knew nothing about this particular trip until after the crash occurred.
The sole point on appeal is whether the flight was made in violation of the endorsement.
Ranger does not contend that the policy required Harrell's instructor to be in the *262 airplane at the time of the accident. Ranger does contend that it was necessary for the flight instructor to have approved Harrell's specific flight plan in advance of the trip. Harrell takes the position that when his instructor decided he was good enough to fly by himself and authorized him to make unsupervised cross-country solo flights, this met the requirements of the endorsement.
Harrell's flight instructor testified as follows:
"Q. What I'm trying to get at is: If you were supervising the man, say a man was under your supervision on a cross-country flight, what procedures would you expect for him to go through as far as you are concerned?
A. Well, I would expect to approve his flight plan.
Q. All right, sir. Anything else?
A. Well, that includes a number of things, such as weather briefing and emergency procedures and navigation facilities, and such things as that, which are all part of the flight plan."
While an insured is always given the benefit of an ambiguity in the policy, the language in this endorsement appears to be about as clear as the English language can be written. When the language of an insurance policy is clear and unambiguous, it must be accorded its natural meaning. Allison v. Imperial Casualty & Indemnity Co., Fla.App. 1969, 222 So.2d 254; Valdes v. Prudence Mutual Casualty Co., Fla.App. 1968, 207 So.2d 312.
The endorsement provides that each flight be under the direct supervision and specifically approved by a certified flight instructor. This contemplates that the instructor should be consulted in advance of the flight.[1] A reasonable construction of the language of the endorsement can hardly encompass a blanket authorization to make unsupervised solo flights. The fact that the giving of this type of authorization to competent student pilots is permitted by FAA regulations cannot change the wording of the insurance contract between Harrell and Ranger.
Since coverage was excluded by the terms of the endorsement, the judgment is reversed.
McNULTY, J., concurs.
HOBSON, Acting C.J., dissents.
NOTES
[1] In Hedges Enterprises, Inc. v. Fireman's Fund Insurance Co., 34 Misc.2d 249, 225 N.Y.S.2d 779 (Sup.Ct. 1962), the court held that where a student pilot was flying without the knowledge of his flight instructor, the trip was not being made under his "direct supervision".