Argued and submitted August 22, affirmed November 5, 1979

# GODDARD,
## *Appellant,*
### *v.*
# AVEMCO INSURANCE COMPANY,
## *Respondent.*
### (No. 106,739, CA 13389)
602 P2d 291

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief was Brown, Burt & Swanson, P.C., Salem.

John L. Langslet, Portland, argued the cause for respondent. With him on the brief was Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Plaintiff, personal representative of Forrest Goddard, brought suit on an aviation insurance policy for property damage to the insured aircraft and funeral benefits for the deceased pilot. Defendant, the insurer, denied coverage under the policy. Defendant's demurrer to plaintiff's complaint on the ground that it failed to state a cause of action was sustained. Plaintiff declined to replead and judgment was entered for defendant. Plaintiff appeals.

The issue is whether plaintiff has properly pleaded an estoppel. The material parts of plaintiff's complaint allege:

"IV.

"Prior to October 31, 1976, Forrest I. Goddard applied for renewal of such policy to cover the period October 31, 1976 through October 31, 1977. On such application Forrest I. Goddard indicated that he did not have a current medical certificate. Defendant nevertheless renewed the policy of insurance and accepted a full premium covering in flight losses. A copy of such policy and premium schedule is attached hereto, marked 'Exhibit B', and by reference incorporated herein.

"V.

"On April 4, 1977, Forrest I. Goddard, in reliance upon Defendant's issuance of the above described insurance policy and its acceptance of Forrest I. Goddard's premium, was operating the insured aircraft at or near Toledo, Oregon, when such aircraft crashed, killing Forrest I. Goddard and destroying the aircraft."

It was further alleged that the defendant denied coverage because Goddard did not hold a valid medical certificate.

"IX

"That Defendant's actions in voluntarily issuing a policy and accepting premiums despite the fact that

Forrest I. Goddard had indicated that he did not have a medical certificate, and Forrest I. Goddard's reliance upon such actions, prevents Defendant from denying coverage."

The policy, which was incorporated in the plaintiff's complaint, provides:

"PILOTS: This policy applies when the aircraft is in flight, only while being operated by one of the following pilots (indicated by X below) who, (1) holds a valid and effective Pilot and Medical Certificate, (2) has a current biennial flight review and (3) if carrying passengers, has completed at least three Take-Offs and Landings within the preceding 90 days in an aircraft of the same make and model as the insured aircraft."

This paragraph was followed by a list of three possible categories of pilots permitted to fly the aircraft if they generally met the qualifications stated above. The list included Forrest I. Goddard, any other pilot with a private or commercial certificate who had more than 1500 hours of flight time and any certificated pilot who is flying the aircraft for a repair shop. The policy specifically did not cover the aircraft in flight while being operated by a pilot not meeting the qualifications set out above. There is no ambiguity in this exclusion of the policy.

The essence of plaintiff's complaint is that the company is estopped to invoke this specific exclusion because it issued the policy with the knowledge that Forrest Goddard did not have a medical certificate at the time he applied for renewal of the policy. The question is whether the pleaded facts, if true, are sufficient to establish estoppel. With certain exceptions not applicable in this case, the facts which justify an estoppel must be pleaded. *Cody v. Ins. Co. of Oregon*, 253 Or 587, 454 P2d 859 (1969); *Reed v. Commercial Ins. Co.*, 248 Or 152, 432 P2d 691 (1967); *Farley v. United Pacific Ins. Co.*, 269 Or 549, 525 P2d 1003 (1974).

A leading Oregon case on estoppel in the insurance contract context is *Farley v. United Pacific Ins. Co., supra.* There, the insured purchased a crane located in the mountains. He intended to move the crane under its own power out of the mountains to a location where it could be loaded on a truck for transport. He contacted the insurance company's agent and described his requirements for insuring the crane while being moved under its own power. The agent obtained a policy and told the insured he was covered and to go ahead and move the crane. The insured received the policy prior to the move. During the move the crane fell into a ravine and was destroyed. The insurance company denied coverage under the specific terms of the policy. The Supreme Court held the policy provision was not ambiguous; however, the court held the insured was entitled to recover for the loss because of the representations made by the agent. The court said:

> "It is our conclusion that there was sufficient evidence from which the trial court could find that plaintiff was entitled to recover under defendant's policy for the reason defendant is estopped from asserting that plaintiff's loss was covered by the terms of the policy because of the construction placed upon them by defendant's general agent." 269 Or at 562.

The court held the insured, being unschooled in insurance policy coverage, was entitled to rely on the agent's representation that the described activity was covered by the policy. Before an estoppel can exist, in this context, there must be a representation or conduct amounting to a representation by someone acting on behalf of the insurer which is inconsistent with the express terms of the policy and which is reasonably relied upon by the party seeking recovery.

In this case the policy, which was made a part of the pleadings, was issued to cover several risks other than insuring Forrest Goddard. The aircraft was insured and could be flown by the designated pilots, including Forrest Goddard, if the pilots had a current medical certificate at the time of the flight. The aircraft was

[43]

insured for all risks, including in flight damage, up to a specified value with a deductible provision. In the context of the policy language, issuance of the policy was only a statement that the aircraft was insured for all risks and that there was liability coverage, for persons and property, and medical payments, provided all pilots had current medical certificates while flying the aircraft. The conduct in renewing the policy is not tantamount to a representation that the unambiguous medical certificate requirement in the policy is inapplicable. Consequently, under the facts as pleaded there is no basis for estopping the defendant from denying coverage because Goddard did not have a current medical certificate. The demurrer was properly sustained and judgment for defendant is affirmed.

Affirmed.