Argued and submitted June 24, affirmed November 16,
reconsideration denied December 23, 1981,
petition for review denied January 19, 1982 (292 Or 450)

OCHS,
*Appellant,*
*v.*
AVEMCO INSURANCE COMPANY,
*Respondent.*

(No. 7504, CA 19089)

636 P2d 421

James W. Laws, Madras, argued the cause for appellant. With him on the briefs was Shepard & Stewart, Madras.

John L. Langslet, Portland, argued the cause for respondent. With him on the brief was Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

### YOUNG, J.

This is an action on an insurance policy for property damage to the insured aircraft. Defendant's motion for summary judgment was granted. ORCP 47. We affirm.

The insurance policy excluded coverage for property damage to an aircraft that did not have a current "airworthiness certificate." The issue is whether the exclusion applies when there is no causal connection or relationship between the policy exclusion, i.e., failure of the aircraft to have the appropriate certificate, and the cause of the accident. A summary judgment may be granted:

"* * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." 47C ORCP.

Plaintiff was in the process of landing the aircraft. It ground-looped and flipped on its back. The cause of the accident was a defective or broken tail wheel spring. Plaintiff, in his reply, admitted the allegations in the answer, that the aircraft did not bear a valid and currently effective "standard" airworthiness category certificate issued by the Federal Aviation Agency, in that the aircraft did not have an annual inspection within the 12 calendar months prior to the accident as required by Federal Aviation Regulations.

Under the policy definitions, an aircraft is covered while "in-flight," which includes landing. Policy coverage C:

"The term 'in-flight' means the time commencing when the aircraft moves forward in attempting to take-off and continuing thereafter until it has completed its landing run."

The policy excludes:

"(g) Under [coverage C] to any aircraft, while in flight

"(1) not bearing a valid and currently effective 'standard' Airworthiness Category Certificate issued by the Federal Aviation Agency * * *."

The language of the exclusion is clear and unambiguous. There is no "in-flight" coverage if the aircraft

does not bear the appropriate certificate. Unambiguous language does not require construction. *Inglis et ux v. Gen. Casualty Co.,* 211 Or 116, 118, 316 P2d 546 (1957). We understand plaintiff's theory to be that defendant is not entitled to a summary judgment as a matter of law.

Plaintiff argues that there must be a causal connection between the cause of the accident and the policy exclusion to enable defendant to avoid payment of the loss. Based on an affidavit in opposition to the motion, plaintiff contends that the broken tail wheel spring and the absence of the airworthiness certificate have no causal relationship. He reaches that conclusion by reasoning that the mandatory annual aircraft inspection required by federal regulations would not include the inspection of the tail wheel spring, and, even if it did, a visual inspection would not necessarily reveal a defective spring.[1] No Oregon case has been cited that deals directly with the basic question presented.

---

[1] Plaintiff further contends that the federal regulations do not require an annual inspection as a condition precedent to the issuance of the certificate. That argument is not well taken. Plaintiff admitted that fact by his reply. The policy denies coverage when an aircraft is not validly and currently certificated. Certification is under the jurisdiction of the Federal Aviation Administration (FAA). Plaintiff testified in his deposition that he was familiar with the policy and the FAA regulations and that the regulations require annual inspection. Plaintiff agreed that the regulation forbid the operation of an aircraft that had not had an annual inspection within the preceding 12 months.

Federal Aircraft Regulations are promulgated by the Federal Aviation Administration and codified in Title 14 of the Code of Federal Regulations. The pertinent regulations are:

14 CFR § 21.181 (1978) requires:

"(a) Unless sooner surrendered, suspended, revoked, or a termination date is otherwise established by the administrator, airworthiness certificates are effective as follows:

"(1) Standard airworthiness certificates and airworthiness certificates issued for restricted or limited category aircraft are effective as long as the maintenance, preventative maintenance, and alterations are performed in accordance with parts 43 and 91 of this chapter and the aircraft are [sic] registered in the United States.

"* * * * *"

14 CFR § 91.169 (1978) requires:

"(a) Except as provided in paragraph (c) of this section, no person may operate an aircraft unless, within the preceding twelve calendar months, it has had

Plaintiff places considerable reliance on *South Carolina Ins. v. Collins,* 269 S C 282, 237 SE2d 358 (1977). There, the court held that the insurer must show a causal relationship between the crash of the aircraft and the pilot's failure to possess a valid medical certificate as required by the terms of the policy. The court based its decision in part on earlier South Carolina cases involving automobile liability and life insurance policies. In *Fireman's Fund Ins. v. McDaniel,* 187 F Supp 614 (Miss 1960), *aff'd on other grounds,* 289 F2d 926 (5th Cir 1961), the district court held that under Mississippi law there must be a causal connection between a policy exclusion for operation of an aircraft in violation of the pilot's certificate and the loss. *Compare Halls Aero Spraying v. Underwriters at Lloyds, London,* 274 F2d 527 (5th Cir 1960), applying Texas law; *see also,* Annot., 166 ALR 1118 (1947), discussing "violation of law" exclusions in life and accident insurance policies.

There is contrary authority which we consider to be the better reasoned. In *Underwriters at Lloyds of London v. Cordova Airlines,* 283 F2d 659 (9th Cir 1960), the court found that no causal relationship was required. There, an aircraft was carrying dynamite. The crash was not caused by the dynamite. The policy excluded coverage of flights that required a waiver from federal authorities. Flying dynamite required a waiver. The court held there was no coverage. The court in *Hollywood Flying Service v. Compass Ins. Co.,* 597 F2d 507, 508 (5th Cir 1979), considered a policy that excluded coverage of an aircraft in flight which did not have a valid airworthiness certificate at the time of the crash. The court (applying Florida law) held:

> " 'An aircraft insurance policy may validly condition liability coverage on compliance with a governmental regulation and, while non-compliance with such a regulation continues, the insurance is suspended as if it had never been in force. There need be no causal connection between

---

"(1) An annual inspection in accordance with part 43 of this chapter and has been approved for return to service by a person authorized by section 43.7 of this chapter; or

"(2) An inspection for the issue of an airworthiness certificate.

"\* \* \* \* \*"

the non-compliance and the loss or injury.' *Glades Flying Club v. Americas Aviation & Marine Ins. Co.,* 235 So2d 18, 20, Fla App (1970). It therefore does not matter that the cause of the crash is unknown and that no causal relationship has been established between the missing manual or the inoperative equipment and the loss of the plane. *See Electron Machine Corp. v. American Mercury Insurance Co.,* 5 Cir 1961, 297 F2d 212, 214."[2]

In *Royal Indemnity Co. v. John F. Cawrse Lumber Co.,* 245 F Supp 707, 710 (D Or 1965), the policy provided coverage only while the aircraft was piloted by a person holding a valid and current pilot certificate. The federal regulation distinguished between a current pilot certificate and a current medical certificate. The policy did not require the pilot to have a current medical certificate, and he did not have one. The court held there was coverage on the basis that it would not imply an exclusion not expressed in the policy. The court said

"\* \* \* [W]e must also remember that it is the fundamental right of the insurer to decide what it will and what it will not insure against, providing that the provision is not against public policy \* \* \*

"\* \* \* \* \*

"We must not confuse the language of this endorsement with broad exclusions, limitations or exceptions, employed in some policies, such as 'operation in violation of law,' or 'operation in violation of regulations.' (Citations omitted.) Without question, the plaintiff could have selected and used that language in the policy. It chose, however, to be precise in the language used in the endorsement and limit the pilot's qualifications to a valid current operator's license. Such langage must be strictly construed and by no

---

[2] For a sampling of cases with a variety of factual situations that hold or by implication can be considered to support the proposition that proof of a causal relationship is not required, see *Omaha Sky Divers Parachute Club, Inc. v. Ranger Ins. Co.,* 189 Neb 610, 204 NW 2d 162 (1973) (lack of medical certificate); *Kilburn v. Union Marine & General Ins. Co.,* 326 Mich 115, 40 NW 2d 90 (1949) (error to submit the question of causal relationship to the jury); *Bruce v. Lumbermens Mutual Casualty Co.,* 222 F2d 642 (4th Cir 1955) (aircraft engaged in aerobatics and not equipped with parachutes in violation of government regulations and policy excluded coverage if aircraft flown in violation of government regulations); *Arnold v. Globe Indemnity Co.,* 416 F2d 119 (6th Cir 1969) (exclusion applied whether or not violation was a cause of the loss); *United States Aviation Underwriters Inc. v. Rex Ray Corp.,* Mass. Super. Ct., (1979) 15 Av. L. Rep. (CCH) A 17,625 (rejects the South Carolina rule in *South Carolina Ins. Co. v. Collins, supra*).

stretch of the imagination can this language be enlarged to include 'a valid medical certificate' or a 'violation of law or regulations.' " 255 F Supp at 710-11.

We believe the better rule is that the insurer is entitled to exclude any liability for aircraft not bearing a valid and current airworthiness certificate. We hold that proof of causal connection between the cause of the accident and the policy exclusion is not required. *See generally, Goddard v. Avemco Ins. Co.,* 43 Or App 39, 602 P2d 291 (1979).

Affirmed.