Town of New Paltz, Appellant, v Catherine Ale et al., Respondents.

Third Department, June 14, 1984

**APPEARANCES OF COUNSEL**

*DiStasi, Moriello & Canino* (*Joseph M. Moriello* of counsel), for appellant.

*Bart C. Ale,* respondent *pro se.*

**OPINION OF THE COURT**

Casey, J.

Plaintiff, the Town of New Paltz in Ulster County, seeks a preliminary injunction enjoining defendants from operating ultralight aircraft over the town. According to Federal regulations, an ultralight aircraft is a one-person vehicle intended for recreational or sport use, having no United States or foreign airworthiness certificate, and, if unpowered, weighing less than 155 pounds (14 CFR 103.1). Powered ultralights weigh less than 254 pounds, have a

fuel capacity of less than five gallons, and have a maximum full power level flight calibrated airspeed of 55 knots (14 CFR 103.1).

Defendants Catherine and Bart Ale own Stanton Airport in the Town of New Paltz; defendant Cabar Air Service, Inc., operates the airport; and defendants David M. Noble and Stanley Mankovich, doing business as Rainbow Ultralite, provided instruction and training in flying ultralights at the airport under the verbal permission of the Ales. Rainbow Ultralite apparently has gone out of business.

In the summer of 1983, the Town Board received complaints from town residents about ultralight overflights, which complaints were passed on to the Town Attorney. On July 19, 1983, a town police officer investigated and found the ultralights at the airport to be unlicensed and unregistered.

The instant action seeking a permanent injunction against defendants, enjoining them from "conducting the business of the flight of 'ultralite vehicles' over and across the lands of the Town of New Paltz", was commenced August 25, 1983. Plaintiff contended that the business was unlawful under section 243 of the General Business Law because the ultralights were not properly certified, registered or licensed. In the context of the action and based on the lack of such proper certificates, registrations or licenses, plaintiff sought a preliminary injunction. Under the claim of irreparable harm, the ultralights were characterized as "flying gas tanks".

Special Term denied the motion for a preliminary injunction, finding that plaintiff had failed to demonstrate that the ultralights were dangerous or unlawful or that there were any equitable considerations in its favor. Special Term further noted that the Federal Aviation Administration (FAA) regulated ultralights, although exempting them from licensing, registration and airworthiness certification requirements (14 CFR 103.7); that these regulations did not exceed the FAA's authority and were not contrary to statute; that sections 241 and 243 of the General Business Law pertaining to licensing and registration requirements were not violated because those sections

were not designed to regulate matters exempted from regulation under Federal law; and that the ultralights had not been shown to be in contravention of any FAA regulations or United States statute. Plaintiff has appealed the denial of its motion for a preliminary injunction. We affirm Special Term, basically for the reasons relied upon by that court.

Contained in the Federal regulations are the following exemptions:

"(a) Notwithstanding any other section pertaining to certification of aircraft or their parts or equipment, ultralight vehicles and their component parts and equipment are not required to meet the airworthiness certification standards specified for aircraft or to have certificates of airworthiness.

"(b) Notwithstanding any other section pertaining to airman certification, operators of ultralight vehicles are not required to meet any aeronautical knowledge, age, or experience requirements to operate those vehicles or to have airman or medical certificates.

"(c) Notwithstanding any other section pertaining to registration and marking of aircraft, ultralight vehicles are not required to be registered or to bear markings of any type" (14 CFR 103.7).

Plaintiff contends that these exemptions are in excess of the authority of the agency. This contention is rejected in view of the specific provision for such exemptions contained in section 1348 (subd [e]) of title 49 of the United States Code, pursuant to which the FAA Administrator is granted power to: "grant exemptions from the requirements of any rule or regulation prescribed under this subchapter if he finds that such action would be in the public interest."

Under "this subchapter", the administrator has the power to, *inter alia,* make rules concerning use of airspace, air navigation facilities and air traffic rules (US Code, tit 49, § 1348) and to issue "necessary" regulations (US Code, tit 49, § 1354, subd [a]).

Pursuant to section 1421 of title 49 of the United States Code, the FAA Administrator is empowered to make regu-

lations governing aircraft airworthiness. Under subdivision (c) of section 1421, the administrator is empowered to grant exemptions from safety regulations promulgated under subchapter VI of the Federal Aviation Program (US Code, tit 49, § 1421 *et seq.*). Section 1422 of that subchapter concerns airman certificates, while section 1423 concerns aircraft certificates and airworthiness certificates. Therefore, it is clear that the above statutes grant the FAA the power to make regulations concerning ultralights, which fall within the statutory definition of "aircraft", i.e., "any contrivance now known or hereafter invented, used, or designed for navigation of or flight in the air" (US Code, tit 49, § 1301, subd [5]), and to grant exemptions from regulations which might otherwise apply to such "aircraft". That such exemptions from otherwise applicable regulations apply to a "class" of aircraft should not be a problem, because such a broad exemption should be deemed an exercise of the wide power granted to the Secretary of Transportation to "encourage and foster the development of civil aeronautics and air commerce in the United States" (US Code, tit 49, § 1346; see, generally, 1 Am Jur 2d, Administrative Law, § 116 *et seq.*, pp 919-947).

Furthermore, sections 241, 242 and 243 of the General Business Law do not prohibit ultralight flights in the absence of certain licenses, registrations and certifications. These sections, insofar as they require licenses, certifications and registrations also required by the United States Government, are an enforcement measure in aid of Federal regulations (see 8 NY Jur 2d, Aviation and Airports, § 5, p 571; cf. *Hedges Enterprises v Fireman's Fund Ins. Co.,* 34 Misc 2d 249). Thus, since the United States Government does not require licenses, certifications and registrations with respect to the operation of ultralights, the above-cited sections of the General Business Law should not be deemed to require them. The order of Special Term should be affirmed.

The order should be affirmed, with costs.

KANE, J. P., WEISS, MIKOLL and LEVINE, JJ., concur.

Order affirmed, with costs.