Argued and submitted July 30, reversed and remanded November 28, 1984

## PEERY-ROGERS THRIFTY DRUG CO.,
### *Appellant,*

*v.*

## NORTH PACIFIC INSURANCE CO.,
### *Respondent.*

(81-0425; CA A29151)

691 P2d 917

Willard L. Cushing, McMinnville, and Mark L. Cushing, Portland, argued the cause for appellant. With them on the briefs was Cushing, Johnstone & Peterson, P.C., McMinnville.

Mary T. Danford, Portland, argued the cause for respondent. With her on the brief were Douglas G. Houser, and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

In this declaratory judgment action, the question is the extent of liability of the defendant insurer for fixtures and equipment destroyed in a June, 1980, fire at plaintiff's business. The trial court granted defendant's motion for directed verdict. We reverse and remand.

Until 1979, plaintiff carried cash value insurance coverage for inventory, fixtures and equipment. In that year plaintiff decided to secure replacement cost insurance. Plaintiff's owner and business manager, Peery, met with Hall, defendant's agent. As a result of their conversations, a "guesstimate" of $200,000 was determined to be the value of the equipment and fixtures. The defendant then issued an endorsement to plaintiff's insurance policy, and Hall supplied plaintiff's accountant with 12 monthly value reporting forms. On those forms the column for stock (inventory) values was left blank. The fixtures and equipment column had $200,000 typed in as the value, either by Hall or someone in Hall's office. Peery did not see any of the reporting forms until after a total loss fire in June, 1980, when defendant refused to pay the replacement cost of the equipment and fixtures.

Defendant argues that the limit of its liability for equipment and fixtures is the $200,000 figure on the last reporting form filed before the fire. Defendant bases its argument on the language of its policy and the reporting forms, which required plaintiff to report the value of the equipment each month.[1] Plaintiff's position is that the defen-

---

[1] The replacement value endorsement was on two pages, the first giving the amount of the increase in coverage and the second referring to the existing policy. The policy states in part:

"III. *Reporting Provisions.*

"* * * * *

"B. Value reporting clause: The insured shall report in writing to the company, not later than 30 days after the last day of each calendar month, the exact location of all property covered and the total actual cash value of such property at each location as of the last day of each calendar month. At the time of any loss, if the insured has failed to file with the company reports of values as above required, the policy, subject otherwise to all its terms and conditions, shall cover only at the locations and for not more than the amounts included in the last report of values filed prior to the loss * * *."

On the back of the reporting forms there is a "Guide for Reporting Values" which requires, *inter alia,* that the insured "report values in accordance with the provisions

dant is liable for the full replacement cost because it is estopped from relying on the contract, because the actions of its agent, Hall, contradict the language of the policy.

■ A motion for a directed verdict may be granted only if there is no material conflict in the testimony and the testimony is susceptible to only one construction on the material issues. *See Young v. Crown Zellerbach,* 244 Or 251, 259, 417 P2d 394 (1966). The court here erred in finding that, because Peery did not know of the reporting requirement and did not see the reporting forms, plaintiff could not, as a matter of law, have relied on the representations of Hall.

The situation here is analagous to that in *Farley v. United Pacific Ins. Co.,* 269 Or 549, 525 P2d 1003 (1974), where the court found that the insurance company was estopped from relying on unambiguous contract language which was contrary to oral representations made by the company's agent. In that case the agent had told the plaintiff that a crane would be insured against loss while it was in transit, whereas the policy clearly stated that loss during transportation was excluded. The court noted that

> "the insurance company is estopped to assert the actual meaning of the provisions of its policy because the insured is entitled to rely upon a contrary interpretation of those provisions by the company's general agent." 269 Or at 559.

■ The testimony here showed that, in July, 1979, when the policy on plaintiff's business was being renewed, Hall and Peery recognized that cash value coverage was inadequate in the light of the high inflation rate at that time. Peery testified that he believed that he had purchased replacement cost coverage up to a limit of $550,000. Under the former policy, monthly values had been required to be reported for inventory but not for fixtures and equipment. Peery was not expressly told by Hall that monthly reports for fixtures and equipment would have to be made for replacement coverage. Plaintiff's accountant filed the monthly reports.[2] Hall had supplied the

---

of policy."

[2] After the new endorsement was in force, plaintiff failed several times to file the reports timely. In a "warning" letter, defendant's agent reminded plaintiff of the need to furnish monthly reports and that failure to do so could result in plaintiff's becoming "a co-insurer * * * on the loss if the last report of values is low." However, the letter also said: "Since we have had no reports since December, if a loss occurred today the

accountant with forms which had a specific total value typed in for the fixtures and equipment but not for the inventory. It was for the jury to decide whether, on these facts, the actions of Hall were representations of defendant's agent that were inconsistent with the express terms of the insurance policy so that defendant can be estopped from relying on the contract language and whether plaintiff acted reasonably in relying on those representations. *See Goddard v. Avemco Ins. Co.,* 43 Or App 39, 43, 602 P2d 291 (1979).[3]

Reversed and remanded.

---

reported values for December would apply. If the insured has *increased their [sic] stock* since that date they *[sic]* would have to share in the loss." (Emphasis supplied.) None of the letters referred specifically to equipment and fixtures.

[3] We reject defendant's attempt to raise a real party in interest issue on appeal. It was not pleaded; defendant has already paid a portion of the loss; and defendant admits in its brief that plaintiff had at least a "limited" insurable interest as a lessee.