Irving Younger, J.
On July 16, 1952, Maxine Lewis and Alfred Lewis, who were then husband and wife, entered into a separation agreement whereby Alfred promised “ to keep the insurance policy issued by Travelers Insurance Company on his life in full force and effect and agrees that his wife shall remain the sole beneficiary thereof and further that he will refrain from making any change in the beneficiary of said policy so long as the wife does not remarry.”
At that time, Alfred was insured by Travelers in the amount of $2,000 under a group life policy issued to Alfred’s employer. *526 On December 31, 1956, he left his employment. Travelers canceled his coverage. Maxine knew nothing of this.
Maxine and Alfred were divorced on August 18, 1952. Maxine never remarried. Alfred did. His second wife was Shirley, the defendant here, who became Alfred’s executrix after Alfred died on March 28,1968.
When Maxine received nothing from Travelers or any other insurance company, she commenced this suit seeking damages in the amount of $2,000 from Alfred’s estate on account of Alfred’s breach of contract. The defense, apart from denials, is that the Statute of Limitations has long since run. Maxine now moves for summary judgment. Her motion is granted.
The period within which an action for breach of contract must be brought is six years. (CPLR 213.) That, however, is only the beginning of this interesting problem, not its end.
The period of limitations is measured from ‘ ‘ the time the cause of action accrued to the time the claim is interposed.” (CPLR 203, subd. [a].) Defendant argues that this is a breach of contract claim which accrued on the day the contract was breached — December 31,1956 — and was extinguished six years later, on December 31, 1962. Plaintiff argues that the claim accrued on March 28, 1968, when Alfred died, and hence that the action was timely commenced in September, 1968, when the summons was served.
11 Cause of action ’ ’ means a right to sue, to some substantial end. At its core is a grievance that is judicially cognizable, in the sense that a court can provide some remedy for it. It is, to vary the familiar phrase, damnum et injuria. A claim for breach of contract, therefore, arises not upon the breach, but upon the occurrence of the harm engendered by the breach, for it is by the harm that the remedy is measured. In most cases, breach and harm are simultaneous events. But in the rare case where they are not, the cause of action for breach of contract accrues and the period of limitations runs only from the occurrence of the harm. (Ryan Ready Mixed Concrete Corp. v. Coons, 25 A D 2d 530.) Here, Alfred left his employment and permitted the insurance policy to be canceled on December 31, 1956. This was a breach of the promise he had made Maxine in the separation agreement to keep the policy in force, yet there was then no cause of action for breach of contract. Maxine had suffered no harm, since she was entitled to collect the proceeds only upon Alfred’s death. Alfred might still have either bequeathed Maxine an equivalent sum or obtained other insurance in her favor. Had he done so, Maxine would have had no cause of action. Were she to have sued, her complaint *527 would have been dismissed on the ground of damnum absque injuria. It was only when death revealed Alfred heedless of Ms promise to Maxine that Maxine was harmed. Her grievance against Alfred then had a remedy. We therefore conclude that Maxine’s cause of action for breach of contract accrued not upon the cancellation of the policy, but upon Alfred’s death. It follows that this suit was timely commenced.
Plaintiff argues, in addition, that Alfred’s failure to disclose the policy’s cancellation amounted to fraud upon Maxine, thus securing for her the benefit of the rule that the period of limitations for a fraud action is computed from the discovery of the fraud. (CPLR 206, former subd. [c].) Because plaintiff has framed her complaint solely as one for breach of contract, we are not impressed by the argument.
The papers in support of the motion require the conclusion that Alfred was insured by Travelers in the amount of $2,000 when he signed the separation agreement, that the policy was canceled when he left his employemnt, that he failed to continue the policy as individual insurance although he was free to do so under section 161 (subd. 1, par. [e]) of the Insurance Law, and that he died leaving neither insurance proceeds nor substitute bequest to Maxine.
Accordingly, the motion is granted. Plaintiff shall have judgment against defendant in the sum of $2,000, together with interest from March 28,1968.