Argued July 12, affirmed September 22, 1971

CAROTHERS, *Respondent, v.* CAROTHERS,
*Appellant.*
488 P2d 1185

*Victor C. Hefferin,* Portland, argued the cause for appellant. On the brief were Rask & Hefferin, Portland.

*Paul Haviland,* Medford, argued the cause for respondent. With him on the brief were Haviland, deSchweinitz & Stark, and Richard A. Stark, Medford.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

TONGUE, J.

This is an action for damages for breach of a divorce property settlement agreement between plaintiff and defendant's decedent. That agreement was approved and made a part of a divorce decree and provided that decedent would "carry and maintain $20,000 insurance on his life," naming plaintiff as the beneficiary "as trustee for the use and benefit of [their] minor child." Although decedent purchased such insurance, he later surrendered the policies for their cash value prior to his death.

Defendant appeals from a judgment that plaintiff, as trustee for her son, recover $20,000, with interest, from defendant, as the executrix of decedent's estate. Defendant contends that the trial court erred (1) in overruling defendant's demurrer to plaintiff's complaint on the ground that the action was not commenced within the time required by the statute of limitations and (2) in denying defendant's motion for an involuntary nonsuit.

In support of defendant's assignment of error based upon the statute of limitations it is first con-

tended that the property settlement agreement was "merged" in the divorce decree, entered on August 24, 1949, and that the decree "expired" on August 24, 1959, for lack of "renewal" by reason of the provisions of ORS 18.360.

ORS 18.360 provides that "whenever, after the entry of a judgment, a period of 10 years shall elapse, the judgment and lien thereof shall expire" unless the judgment is "renewed" as provided by that statute. ORS 18.310 extends the application of that statute to the enforcement of decrees.

1. As a general rule, the doctrine of merger does not apply to judgment or decrees other than in an action to recover money. Restatement 178, Judgments § 46. We have also held that the question whether a property settlement agreement is merged in a divorce depends upon the intention of the divorce court, "as gathered from all parts of the judgment," giving effect "to that which is clearly implied as well as to that which is expressed." *Rigdon v. Rigdon,* 219 Or 271, 276, 347 P2d 43 (1959).

■ Where, as in this case, a divorce decree approves provisions of a property settlement agreement under which the husband is required to maintain a stated amount of life insurance for the benefit of his former wife or his children, such a decree is not considered as one for payment of money, but as one requiring the performance of a future act, with the result that the doctrine of "merger" has no application. *Desjardins v. Desjardins,* 308 F2d 111, 117-18 (6th Cir 1962); *Buswell v. Buswell,* 377 Pa 487, 105 A2d 608, 612 (1954); and *Burke v. Burke,* 32 Del Ch 320, 86 A2d 51, 53 (1952).

This is consistent with the decision of this court in *Stephens v. Stephens et al,* 170 Or 363, 369, 132 P2d

992 (1943), in which we held that what is now ORS 18.360 had no application to provisions of a divorce decree requiring future monthly payments for the care and support of a minor child, and that otherwise "the power of a court of equity to provide for the welfare of its wards would in some instances be greatly restricted."[1]

■ Similarly, in this case, these provisions of the property settlement were for the benefit of a minor child who was not yet 21 years of age when this action was filed by plaintiff as trustee on his behalf.

We therefore hold that provisions of the property settlement agreement that decedent maintain $20,000 in life insurance for the benefit of his minor child were not merged in the divorce decree and did not "expire" for failure to "renew" that decree in 1959.

Defendant next contends that, in any event, the statute of limitations began to run when the property settlement agreement was breached and that it was breached in July 1950 by the acceptance by plaintiff of "a performance materially varying from the language of the property settlement agreement" in that plaintiff then accepted a letter from decedent as "evidence" that life insurance had been taken out by defendant, naming plaintiff as beneficiary, instead of requiring delivery of the policies themselves and naming as beneficiary plaintiff as trustee for her son, as provided by the agreement.

■ It is well established that a cause of action for breach of a contract to maintain life insurance does

---

[1] The only case cited by defendant, Bowman v. Holman, 53 Or 456, 99 P 424 (1909), was not a divorce case but involved an action at law resulting in a judgment for payment of $4,399.15.

not accrue until the death of the promissor. *Waxman v. Citizens National Trust & Savings Bank,* 123 Cal App 2d 45, 266 P2d 48, 50 (1954); *Lewis v. Lewis,* 59 Misc 2d 525, 299 NYS2d 755 (1969); *In re Lineaweaver's Estate,* 284 Pa 384, 131 A 378 (1925). Although this court has not previously decided this question, such a result is consistent with our decision in *Lewis v. Siegman,* 135 Or 660, 296 P 51, 297 P 1118 (1931), in which we held (at p 665) that an agreement to make a will "cannot be broken by nonperformance until the death of the testator since the testator has the whole of his life in which to perform." Similarly, in this case, the decedent had "the whole of his life" in which to perform his obligation to take out and maintain $20,000 in life insurance payable to plaintiff as trustee for his minor son.

■ We have also considered defendant's second assignment of error—that the trial court erred in denying defendant's motion for involuntary nonsuit. Upon examination of the record, including a reading of the transcript of testimony and exhibits, we find that there was ample evidence to support each and every mentioned allegation of plaintiff's complaint, including the nonexistence of the required insurance on decedent's death.

■ As for defendant's contention that plaintiff is barred from relief by acceptance of performance different from that required by the contract, it is sufficient to note that modification, waiver and estoppel are affirmative defenses and must be pleaded as such, which defendant did not do. See *Miller Construction Co. v. Watts Construction Co.,* 223 Or 504, 516, 355 P2d 215 (1960), and *Cody v. Insurance Company of Oregon,* 253 Or 587, 592, 454 P2d 859 (1969). In addition, modification of a contract must be supported by

consideration, *Marnon v. Vaughan Motor Co., Inc.,* 184 Or 103, 157, 194 P2d 992 (1948), and *Miller Construction Co. v. Watts Construction Co., supra* (at p 516); waiver requires a showing of intent to relinquish a known right, *Foster v. Agri-Chem, Inc.,* 235 Or 570, 576-77, 385 P2d 184 (1963), and *First National Bank of Portland v. Stretcher et al,* 169 Or 532, 538, 129 P2d 830 (1942), and estoppel requires proof of reliance by change of position, *First National Bank of Portland v. Stretcher et al, supra* (at p 538), and *State v. Claypool,* 145 Or 615, 620, 28 P2d 882 (1934). No proof of these requirements was offered by defendant in this case.

As for defendant's further contention that the property settlement agreement did not specify how long the required insurance must be maintained, we believe that it was clearly implied that such insurance would be maintained for a reasonable period of time and that such a reasonable period would require that the insurance be maintained at least until decedent's minor child became of age, if not until his education had been completed. See *Wright v. Wright,* 276 Cal App 56, 80 Cal Rep 741 (1969). We also find that the trial court properly allowed plaintiff's motion to amend her complaint on trial and defendant has taken no assignment of error from that ruling.

For all of these reasons, the judgment of the trial court is affirmed.

Affirmed.