Argued November 4, affirmed December 2, 1976

# FINLAY-WHEELER et al, *Appellants,*
## *v.*
# ROFINOT, *Respondent.*
## (Trial Court No. 22141, Case No. 24384)

556 P2d 952

*Philip F. Schuster II,* Portland, argued the cause for Appellants. On the briefs was David C. Bond, Portland.

*Harold L. Olsen,* St. Helens, argued the cause for respondent. With him on the brief were Vagt, Olsen & Coon, St. Helens.

Before Denecke, Chief Justice, and Holman, Howell, Lent and Bohannon, Justices.

BOHANNON, J. (Pro Tempore).

**BOHANNON, J. (Pro Tempore).**

This is an action for damages for breach of a divorce property settlement agreement brought by plaintiffs against the defendant, who is the widow and personal representative of the estate of Richard Andrew Finlay, deceased.

Toni Finlay-Wheeler is the daughter of the deceased. Florence J. Finlay is the divorced former wife of the decedent and the mother of Toni. The property settlement agreement upon which the present action is based was executed by Florence J. Finlay and Richard Andrew Finlay as an incident of their divorce which was granted March 2, 1972.

At the time of the execution of the property settlement agreement Toni Finlay was a minor of the age of 16 years and 10 months.

In the divorce decree the property settlement agreement was approved by the court and made a part of the decree by the following provision appearing in the decree:

"* * * * *

"6. The property settlement agreement as presented to the Court be and the same is hereby approved and attached hereto as Exhibit 'A' and by this reference is incorporated herein.

"* * * * *."

The property settlement agreement contained a provision requiring Richard Andrew Finlay to carry life insurance on his own life in favor of his daughter, Toni Finlay, now Toni Finlay-Wheeler, who was then a minor. This provision reads as follows:

"* * * * *

"6. Husband shall maintain in full force and effect, and pay the premiums for life insurance on his own life in the sum of $20,000.00 specifying his daughter, Toni Finlay, as primary beneficiary thereon.

"* * * * *."

The property settlement agreement also, among

other things, contained provisions requiring the father to pay monthly child support and to provide certain medical insurance for his daughter.

Toni Finlay was married June 7, 1972 and thus obtained her majority. Richard Andrew Finlay died January 30, 1975 and his estate was admitted to probate. At the time of his death he did not have life insurance in force payable to his daughter. Plaintiffs presented a claim for $20,000 to the personal representative of the decedent's estate which was denied. Thereupon plaintiffs commenced this action which was tried before the court without a jury and which trial resulted in a judgment for the defendant from which plaintiffs appeal.

Plaintiffs assign as error that the trial court erred:

(1) In finding that the provision of the property settlement agreement requiring the husband to maintain life insurance specifying his daughter as primary beneficiary was intended by the parties to be a provision for the support of said daughter, and that it terminated on her marriage.

(2) In entering judgment for the defendant instead of plaintiffs.

The property settlement agreement does not specify for how long a time defendant's decedent was obligated to carry life insurance for the benefit of his daughter nor does the agreement specify the purpose for which the provision was placed in the agreement.

In dealing with a similar provision in a property settlement agreement which required a husband to carry life insurance for the benefit of his minor child for an unspecified purpose and for an unspecified time, this court in *Carothers v. Carothers,* 260 Or 99, 488 P2d 1185 (1971), held that the provision was one requiring the performance of a future act with the result that the doctrine of merger had no application. In other words the obligation to carry life insurance did not become part of the decree. So in this case

whatever rights the parties have arise out of the property settlement agreement itself and not out of the decree that approved it.

It was also held in *Carothers* that since the agreement did not specify for how long the required insurance should be maintained it would be implied that such insurance would be maintained for a reasonable period of time and that such a reasonable period of time would require that the insurance would be maintained until the minor child became of age or completed his education. Implicit in this holding is the view that a provision in a property settlement agreement requiring a parent to carry life insurance upon his own life with a minor child named as beneficiary is to be treated as a provision for support of the child which terminates upon the child's attaining his majority unless a contrary intent is expressed in the property settlement agreement itself, or shown by extrinsic evidence.

At the trial of this cause the plaintiffs introduced evidence through the testimony of Florence J. Finlay concerning the purpose intended by the life insurance provision in the property settlement agreement. This testimony was as follows:

"Q   All right. Would you tell me and the Court what surrounded that particular [life insurance] provision as far as you and your attorney and the other attorney and your husband were concerned?

"A   All right. My husband's health was never good and we had quite a struggle through ulcers and a series of problems that started in 1952, and his first serious heart attack was when he was about, oh, 37 or something like that * * *.

"* * * * *

"* * * [I]n talking over the settlement, property settlement, I auh, took my share of cattle and whatever that we had in the form of his life insurance for two reasons:

"One was that Toni has had very bad health and I knew that I didn't have the means to be able to supply

the medical attention she was going to have to have because I had no—with my job that I have, there is no security, no pensions or anything like that. I haven't worked long enough and it's for private concern, I don't know how to put this in words so that, you know— according to what I'm suppose to be saying, but the reason I didn't want to do anything to shorten his life. We knew that he only had five years at the most, and he and his doctor and I talked it over and I knew that he had to live on the place in order to—he thought he had to live there in order to live as long as he could. And if I would have sold the place and taken my share at that time, I was warned by the doctor that it would shorten his life. And so in order—I had a job at that time, *but in order to have security for the daughter—for her medical attention that she's going to have to have,* I knew that in the future I would need some money. So this action isn't a will or whatever to her, this is actually my part of the divorce settlement." (Emphasis supplied.)

■  Bearing in mind that the life insurance clause in the property settlement agreement required the decedent to carry life insurance on his own life for the benefit of his daughter and not his former wife, the trial court could have drawn the inference from the testimony of Florence J. Finlay that the real purpose of the life insurance provision was to insure the support of Toni and to provide for her medical needs. So viewed plaintiffs' evidence is consistent with the inference that may be drawn from the property settlement agreement itself, namely, that the life insurance provision was intended for the purpose of support of the then minor child and that the obligation thus terminated upon the minor child's obtaining her majority.

■  This appeal being one from a judgment in favor of the defendant in a law action, our inquiry is limited to the question of whether or not there was any substantial evidence to support the judgment of the trial court. We are also obliged to view the testimony in the light most favorable to the defendant. With these considera-

[ 870 ]

tions in mind we are of the opinion that there was substantial evidence to support the judgment.

Plaintiffs rely heavily upon the cases of *Buswell v. Buswell,* 377 Pa 487, 105 A2d 608, 44 ALR2d 1085 (1954), and *Robrock v. Robrock,* 167 Ohio St 479, 5 Ohio Op 2d 165, 150 NE2d 421 (1958). We find these cases neither controlling nor directly in point. In both *Buswell* and *Robrock,* the courts were concerned with the effect of the husbands' agreements in property settlements to maintain life insurance with their children as *irrevocable beneficiaries.*

The judgment is affirmed.