Argued and submitted August 12, affirmed December 14, 1981

# JOHNSON,
*Respondent,*

*v.*

# SPORALSKY,
*Appellant,*

(No. 25833, CA A20313)

637 P2d 638

Gerald A. Martin, Bend, argued the cause for appellant. With him on the briefs were C. E. Francis and Van Vactor, Francis and Martin, Bend.

Max Merrill, Bend, argued the cause for respondent. With him on the brief was Merrill and O'Sullivan, Bend.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is a proceeding for a declaratory judgment under ORS ch 28. Plaintiff and Rosemary Elizabeth Sporalsky (defendant) each claim the proceeds of a life insurance policy issued by Combined Insurance Company of America, insuring the life of Gerald William Sporalsky (Sporalsky) deceased.[1] Defendant appeals from a judgment awarding the proceeds to plaintiff. We affirm.

Defendant and Sporalsky were married in 1946. That marriage was terminated by a decree of dissolution in 1976. At the time of the decree Sporalsky was the owner of and insured by three separate life insurance policies in which defendant was the beneficiary, one of which was issued by Combined. Plaintiff and Sporalsky were married February 14, 1979, when both knew that he was terminally ill. On February 18, 1979, Sporalsky, with plaintiff's assistance, wrote to Combined, requesting that the beneficiary of the policy be changed from defendant to plaintiff. When Sporalsky wrote to Combined, he told plaintiff that the dissolution decree awarded a "couple of them [life insurance policies to defendant] and they would take care of her." Prior to marrying plaintiff, Sporalsky had told defendant on more than one occasion that she would receive $18,000 to $20,000 from all of his life insurance policies, although no specific policies were mentioned. From time to time defendant had expressed her concern to Sporalsky about his borrowing against the policies.

The appeal turns on the language of the 1976 decree of dissolution. Defendant contends that the Combined insurance was to be part of the marital property division and argues that there was no evidence to support the trial court's finding that the insurance was intended only as security for the payment of spousal and child support.

The relevant paragraph of the decree of dissolution provides:

"[Sporalsky] agrees to keep all life insurance which is presently in effect current with [defendant] as primary

---

[1] Combined Insurance Company of America appeared by interpleader and is not a party to the appeal.

beneficiary and his children as secondary beneficiaries. The two policies in question are a $5,000 Veteran's Administration policy, which presently has a $1,600 loan against it, and a $2,000 Western States Life Insurance Policy."

The Combined insurance policy was not mentioned in the decree.[2]

The trial court's memorandum opinion included findings and conclusions that the Combined policy was intended to be made a part of the decree of dissolution and the decree of dissolution required Sporalsky to maintain insurance to provide security for the support obligation. Further, the court stated:

(3) "in order to fulfill the intent of [Sporalsky and defendant] when they dissolved their marriage, [defendant] shall receive such portions of the [Combined] insurance policy which will result in the satisfaction of the support obligation owed to her had the decedent lived after taking into account the insurance proceeds that she has already received. The remainder of the Combined policy proceeds will be awarded to the plaintiff."

After the trial court's opinion the parties entered into a stipulation to resolve the amount due by Sporalsky under the dissolution decree for support, had he lived.[3] Based on the stipulation, the trial court decreed that plaintiff was entitled to all of the proceeds of the Combined policy.[4]

■. Where a judgment is ambiguous or obscure in its meaning, the judgment must be considered as a whole and the entire record may be reviewed. *Bennett v. Bennett,* 208 Or 524, 528, 302 P2d 1019 (1956). The decree of dissolution

---

[2] On Sporalsky's death, defendant received $5,563.35 from the two insurance policies identified in the decree. Under a stipulation of the parties discussed *infra,* those proceeds exceeded Sporalsky's support obligations had he lived. The Combined policy proceeds were $12,000.

[3] The parties agreed that Sporalsky's total spousal and child support obligation due and to become due under the dissolution decree, was $4,400 at the time of his death.

[4] At trial, defendant questioned whether the letter written by Sporalsky to Combined was sufficient to change the policy beneficiary. The trial court ruled that it was sufficient but that the change would violate the terms of the dissolution decree to the extent there was not sufficient other insurance to secure the support obligation.

is silent concerning the reason for requiring Sporalsky to keep any life insurance in force. Sporalsky was not prohibited from borrowing against the insurance policy, nor was he required to keep the policies in force for any specified period of time. The paragraph in the decree concerning insurance does not explicitly relate to either property division or support.

The language of the decree reflects that it was based at least in part on an agreement of the parties. For example, other provisions of the decree relating to matters other than life insurance use similar language, i.e., that the "parties agree" or that "petitioner [Sporalsky] agrees." The parties have not questioned the phraseology. The decree adopted and approved the "agreements" of the parties and made them a part of the decree of dissolution.[5]

In construing similar provisions in a property settlement agreement, the Supreme Court has attempted to find and carry out the purpose for which the insurance was intended. In *Finlay-Wheeler v. Rofinot*, 276 Or 865, 556 P2d 952 (1976), the terms of a property settlement agreement which was approved and incorporated in the decree required the husband to maintain his life insurance with his dependent daughter as beneficiary. The court, citing *Carothers v. Carothers*, 260 Or 99, 488 P2d 1185 (1971), said:

"* * * Since the agreement did not specify for how long the required insurance should be maintained it would be implied that such insurance would be maintained for a reasonable period of time and that such a reasonable period of time would require that the insurance would be maintained until the minor child became of age or completed his education. Implicit in this holding is the view that a provision in a property settlement agreement requiring a parent to carry life insurance upon his own life with a minor child named as beneficiary is to be treated as a provision for support of the child which terminates upon the childs attaining his majority unless a contrary intent is expressed in the property settlement agreement itself or shown by extrinsic evidence." 276 Or at 869.

---

[5] We cannot determine from the record whether the parties entered into a written property settlement agreement.

. The scope of our review is limited to the narrow issue of whether there was any evidence to support the decision of the trial judge. *Finlay-Wheeler v. Rofinot, supra,* 276 Or at 870; *Schlatter v. Willson,* 270 Or 685, 528 P2d 1349 (1974). We hold that there was. Sporalsky's obligation under the decree to provide support was for a limited period of time. There was substantial evidence that his agreement to provide life insurance was intended to serve as security for the support. That security was provided by the other insurance policies, and the change of beneficiary on the Combined policy did not violate the decree.[6]

Affirmed.

---

[6] In arriving at this result, we need not consider plaintiff's alternative basis for affirming the trial court.