[No. 6119–8–II.   Division Two.   July 2, 1984.]

PATTY J. HAGEN, ET AL, *Appellants,* v. THERESA
MESSER, *Respondent.*

*Charles E. Watts,* for appellants.

*James P. Donohue,* for respondent.

WORSWICK, A.C.J.—After Cleopas Messer died in 1978, his three daughters sued his widow, Theresa, on a contract Cleopas had made to make a will in their favor. Theresa's lawyers immediately mounted a vigorous discovery effort, asking the daughters what property they were after. Everything, they essentially replied. Because "everything" included real estate Cleopas had conveyed to Theresa some 18 years earlier, Theresa's lawyers moved for summary judgment claiming the suit was barred by the statute of

limitations. The trial court granted the motion.[1] We reverse.

When Cleopas and the daughters' mother, Mary, divorced in 1949, they signed a property settlement agreement which provided, in part:

> It is understood by and between the parties hereto that Cleopas J. Messer agrees to leave by will any property or interest that he can legally pass by testamentary disposition to the three children of the parties, . . .

Cleopas married Theresa in 1956 and promptly conveyed to her his 25–acre home place, reserving a life estate. The deed was recorded in 1962. This was not his only asset; Cleopas had a fair sized additional estate. He apparently tried to dispose of it by making a community property agreement with Theresa in 1969. Theresa recorded that agreement after Cleopas died. He apparently left no will.

The posture of this case being what it is, it is important that we announce what we do not decide as well as what we do. We hold that, on the record as it reaches us, the statute of limitations did not start to run until Cleopas' death; therefore, the suit was not time barred. We note—but do not decide—that, on the record as it reaches us, the 1956 conveyance did not appear to violate the purported contract to make a will. Also, beyond noting what that contract appears to be on its face, we do not interpret it. We do not determine the validity of the community property agreement, nor do we deal with any issue as to what property, if any, should be considered subject to the contract if and when its validity has been established and its scope and effect have been determined.

▇ On its face—and its face is all this record shows us—

---

[1]The trial judge also said he was dismissing the action because Theresa Messer was not a proper party. He was not asked to rule on this and the parties have not argued it here. However, this was plainly wrong. An agreement like this may be enforced against the promisor's heirs, devisees, or personal representatives. Joinder of the estate is not required. *Southwick v. Southwick,* 34 Wn.2d 464, 472, 208 P.2d 1187 (1949); *McCullough v. McCullough,* 153 Wash. 625, 631, 280 P. 70 (1929). Theresa Messer was a proper defendant.

the contract did not contemplate any specific property. It only required Cleopas to devise to the daughters by will any of his property that could be subject to a will. Since a will speaks only at death, it is elementary that it can only dispose of property controlled by the decedent at death, and a contract such as the one apparently before us should be so interpreted. *See Thomas v. Hensel,* 38 Wn.2d 457, 468, 230 P.2d 290 (1951); *Olsen v. Hoag,* 128 Wash. 8, 12, 221 P. 984 (1924). It follows that no one can know until the promisor dies whether he has broken his promise to devise property by will. *See Ellis v. Wadleigh,* 27 Wn.2d 941, 958, 182 P.2d 49 (1947). Because performance of that promise does not become due until death, a right of action for its violation accrues only then. *Sethre v. Washington Educ. Ass'n,* 22 Wn. App. 666, 591 P.2d 838 (1979). *See also Ludwicki v. Guerin,* 57 Cal. 2d 127, 367 P.2d 415, 17 Cal. Rptr. 823 (1961); *Reece v. Reece,* 239 Md. 649, 212 A.2d 468 (1965); *Old Ladies Home Ass'n v. Hall,* 212 Miss. 67, 52 So. 2d 650, 54 So. 2d 170 (1951); *Seale v. Muse,* 352 S.W.2d 534 (Tex. Civ. App. 1961); *Simpson v. Scott,* 189 Va. 392, 53 S.E.2d 21 (1949).

Theresa's lawyers persuaded the trial judge to dismiss because the daughters claimed, in discovery, that they were entitled to the home place. Thus, it was argued, the 1956 conveyance (or, at least, the 1962 deed recording) was an anticipatory breach which triggered the statute of limitations. We disagree.

The daughters' hope was not necessarily the reality. Nothing on the face of the contract or in the record now before us establishes that this conveyance violated the contract. *See* 1 W. Bowe & D. Parker, *Page on Wills* §§ 10.23, 10.38 (1960). The present record does not show that the real estate comprised the bulk of Cleopas' assets or that the conveyance was an attempt to avoid the agreement.[2] The

---

[2]Moreover, there is abundant authority that an anticipatory breach of this kind—if indeed it was—gives the promisee the option to bring an action immediately or to wait until the promisor's death. *Brewer v. Simpson,* 53 Cal. 2d 567, 349

summary judgment of dismissal must be reversed.

The daughters also claim that the trial court erred by requiring a $5,000 bond in order to maintain the lis pendens on the home place property during this appeal. They should have raised this issue earlier by motion, as provided by RAP 8.1(d) and RAP 17.1. It is now moot. *See In re Cross*, 99 Wn.2d 373, 662 P.2d 828 (1983); *Grays Harbor Paper Co. v. Grays Harbor Cy.*, 74 Wn.2d 70, 442 P.2d 967 (1968).

Reversed.

PETRIE and REED, JJ., concur.

Reconsideration denied July 30, 1984.

Review denied by Supreme Court October 19, 1984.

P.2d 289, 2 Cal. Rptr. 609 (1960); *Old Ladies Home Ass'n v. Hall, supra; Lewis v. Lewis,* 59 Misc. 2d 525, 299 N.Y.S.2d 755 (1969); *Simpson v. Scott, supra.* Because of this record, however, we do not decide this issue.