Argued and submitted October 21, 1992, resubmitted In Banc July 14, reversed on appeal; affirmed on cross-appeal September 15, respondent - cross-appellant's petition for reconsideration filed November 2, 1993, allowed by opinion January 19, 1994

In the Matter of the Marriage of

Barbara M. BARRETT,
nka Barbara M. Young,
*Respondent - Cross-Appellant,*

*and*

Daniel E. BARRETT,
*Appellant - Cross-Respondent.*

(D8608-65792; CA A72437)

859 P2d 557

Jacqueline L. Koch, Portland, argued the cause for appellant - cross-respondent. With her on the briefs were Mark A. Johnson and Gevurtz, Menashe, Hergert, Larson & Kurshner, P.C., Portland.

Aloha L. Schade, Portland, argued the cause and filed the brief for respondent - cross-appellant.

EDMONDS, J.

**EDMONDS, J.**

Husband appeals from a judgment of contempt under *former* ORS 33.015[1] and wife cross-appeals. Husband makes four assignments of error. Because the trial court erred in holding husband in contempt, we reverse.

In 1986, the parties entered into a stipulated decree of dissolution of marriage. The dissolution judgment incorporated the parties' marital settlement agreement. The agreement provides that husband pay wife $20,000 for her support before December 31, 1986, and, commencing in 1986, $2,000 per month until December 1989; $1,750 per month until December 1993; and $1,200 per month as permanent support. The agreement also says:

> "The parties intend that Wife will obtain further education during approximately the next three years and will then be able to earn approximately $17,000 to $22,000 per year on a full time basis."

To that end, the agreement requires husband to provide for all tuition and book fees necessary for wife to attend full time or part time any state-supported college or university, or any business or trade school of her choice within the State of Oregon for a period of three years from the date of the judgment.

The agreement also says that husband will furnish health insurance for wife until such time as wife is employed and has health insurance provided through her employer, and that husband will pay one-half of all of wife's medical, dental and optical costs not covered by insurance until she has her own insurance coverage. The agreement specifically provides:

> "The parties intend that Husband's payment of health insurance premiums, and all medical, dental, optical and psychological payments provided for in Section 11 are property settlement and not spousal support."[2]

---

[1] *Former* ORS 33.010 was repealed by Or Laws 1991, chapter 724, section 32, and was replaced by ORS 33.015. The judgment of contempt was signed by the trial court after the effective date of ORS 33.015 but *"nunc pro tunc"* before ORS 33.015 became effective.

[2] At trial, the parties testified that these provisions were intended to enable wife to obtain an education and return to work.

Husband paid wife's medical insurance premiums for more than three years after the judgment. According to husband, wife then informed him that she was not going to complete her education or find employment as contemplated by their agreement. In February, 1989, after consulting his attorney, husband notified wife that he deemed her in breach of the settlement agreement, and that he would no longer provide health insurance at the end of that calendar year. In May, 1991, wife initiated this proceeding, seeking to hold husband in contempt of court for failure to provide health insurance. He maintains that wife breached her promises under the property settlement agreement, and therefore, he was not required to provide health insurance.

The trial court found husband in contempt and held that because the property settlement agreement provisions had merged into the dissolution judgment, he had no legal right to refuse to comply with the provisions of the judgment. It also held that husband's defense that wife had breached the property settlement agreement could not be raised in the contempt proceeding. On appeal, husband argues:

> "The trial court erred in holding that husband was not entitled to cease performance under the agreement. The agreement called for the performance of a future act. Such an agreement does not merge in the judgment under Oregon law. Wife's right to continued insurance coverage arose under the agreement and not the judgment. Her failure to perform a material term constituted a breach of the agreement, and husband was entitled to raise that failure as a defense."

Wife responds that husband's claim that wife breached their marital settlement agreement is "misplaced," because the only proper inquiry is whether he has obeyed the trial court's judgment.

■■ Contempt proceedings arising out of property settlement agreements are governed by ORCP 78. In *Drake and Drake*, 36 Or App 53, 583 P2d 1165 (1978), we held that the predecessor to ORCP 78 provided a means by which contempt powers could be used to enforce the performance of an act required by a dissolution property settlement agreement if the promise to perform the act had merged into the judgment. The rule of law is that when a settlement agreement has been

incorporated into a dissolution judgment, the agreement is said to have merged into the judgment unless the agreement provides for the performance of an act in the future. *See Carothers v. Carothers*, 260 Or 99, 102, 488 P2d 1185 (1971); *Henningsen v. Crandall*, 112 Or App 466, 828 P2d 1055 (1992). Here, the act to be performed under the parties' agreement is the providing of health benefits in the future. Because the promise is an act to be performed in the future, it did not merge into the judgment. *See Waterman v. Armstrong*, 291 Or 551, 633 P2d 774 (1981).

This result is further supported by the holdings in *Finlay-Wheeler v. Rofinot*, 276 Or 865, 556 P2d 952 (1976), and *Carothers v. Carothers, supra.* Those cases were actions for damages for breach of property settlement agreements. They involved agreements under which the husband was required to maintain a stated amount of life insurance as security for the payment of support. The court held that, because the provisions in the judgments did not require the payment of money but required the performance of an act in the future, the doctrine of merger had no application. As a result, the obligation to maintain life insurance was not part of the judgment, and whatever rights the parties had arose from the property settlement agreement.

Because husband's promises require the performance of a future act and are not part of the judgment, the appropriate remedy for wife is for a breach of contract in which both parties claims of breach can be litigated.[3] Additionally, that affords a more equitable result in the light of the parties' agreement that husband's obligations were dependent on wife pursuing her education and becoming self-supporting.

On cross-appeal, wife argues that the trial court erred by not awarding her more attorney fees. In the light of our decision, wife is not entitled to attorney fees.

---

[3] *Waterman v. Armstrong, supra, Finlay-Wheeler v. Rofinot, supra*, and *Carothers v. Carothers, supra*, are based on the *Restatement of Judgments*, §§ 46 & 47 (1942). While we believe these decisions to be controlling unless overruled by the Supreme Court, the distinction made in the Restatement between judgments in actions for the recovery of money and judgments in actions not for the recovery of money, does not appear in *Restatement (Second) of Judgments. See Restatement (Second) of Judgments*, §§ 17 & 18, *Reporters Note comment b* at 159 (1982).

Reversed on appeal; affirmed on cross-appeal. No costs to either party.