On respondent - cross-appellant's petition for reconsideration filed November 2, 1993, reconsideration allowed; decision (123 Or 201, 859 P2d 557) vacated; affirmed on appeal and on cross-appeal January 19, petition for review allowed April 19, 1994 (318 Or 661)

In the Matter of the Marriage of

Barbara M. BARRETT,
nka Barbara M. Young,
*Respondent - Cross-Appellant,*
*and*

Daniel E. BARRETT,
*Appellant - Cross-Respondent.*

(D8608-65792; CA A72437)

867 P2d 540

John Paul Graff, Aloha Schade and Graff & O'Neil, for petition.

EDMONDS, J.

## EDMONDS, J.

Wife petitions for review of our decision that held that the trial court erred in holding husband in contempt. 123 Or App 201, 859 P2d 557 (1993). We treat the petition as one for reconsideration, ORAP 9.15(1), and allow it.

Husband appeals from a judgment of contempt under *former* ORS 33.010[1] and wife cross-appeals. In our original opinion, we set out the following facts:

"In 1986, the parties entered into a stipulated decree of dissolution of marriage. The dissolution judgment incorporated the parties' marital settlement agreement. The agreement provides that husband pay wife $20,000 for her support before December 31, 1986, and, commencing in 1986, $2,000 per month until December 1989; $1,750 per month until December 1993; and $1,200 per month as permanent support. The agreement also says:

" 'The parties intend that Wife will obtain further education during approximately the next three years and will then be able to earn approximately $17,000 to $22,000 per year on a full time basis.'

"To that end, the agreement requires husband to provide for all tuition and book fees necessary for wife to attend full time or part time any state-supported college or university, or any business or trade school of her choice within the State of Oregon for a period of three years from the date of the judgment.

"The agreement also says that husband will furnish health insurance for wife until such time as wife is employed and has health insurance provided through her employer, and that husband will pay one-half of all of wife's medical, dental and optical costs not covered by insurance until she has her own insurance coverage. The agreement specifically provides:

" 'The parties intend that Husband's payment of health insurance premiums, and all medical, dental, optical and psychological payments provided for in Section 11 are property settlement and not spousal support.'[2]

---

[1] *Former* ORS 33.010 was repealed by Or Laws 1991, chapter 724, section 32, and was replaced by ORS 33.015.

[2] At trial, the parties testified that these provisions were intended to enable wife to obtain an education and return to work.

"Husband paid wife's medical insurance premiums for more than three years after the judgment. According to husband, wife then informed him that she was not going to complete her education or find employment as contemplated by their agreement. In February, 1989, after consulting his attorney, husband notified wife that he deemed her in breach of the settlement agreement, and that he would no longer provide health insurance at the end of that calendar year. In May, 1991, wife initiated this proceeding, seeking to hold husband in contempt of court for failure to provide health insurance. He maintains that wife breached her promises under the property settlement agreement, and therefore, he was not required to provide health insurance.

"The trial court found husband in contempt and held that because the property settlement agreement provisions had merged into the dissolution judgment, he had no legal right to refuse to comply with the provisions of the judgment. It also held that husband's defense that wife had breached the property settlement agreement could not be raised in the contempt proceeding." 123 Or App at 203.

We held that the trial court erred because husband's agreement to provide health benefits under the property settlement agreement was a promise that constituted an act to be performed in the future. Therefore, under the holdings of *Waterman v. Armstrong*, 291 Or 551, 633 P2d 774 (1981); *Finlay-Wheeler v. Rofinot*, 276 Or 865, 556 P2d 952 (1976); and *Carothers v. Carothers*, 260 Or 99, 102, 488 P2d 1185 (1971), we were constrained to hold that the promise did not merge into the judgment. We concluded that the appropriate remedy for wife was for breach of contract, and that in that forum, husband could raise his argument that wife had breached her promise under the property settlement agreement to complete her education and find employment. In her petition, wife argues that the rule of *Waterman, Finlay-Wheeler* and *Carothers* is no longer viable in the light of *Restatement (Second) of Judgments* §§ 17 and 18 (1982). Although there is some doubt as to the continuing viability of those cases, we are not at liberty to overrule them.

However, wife makes another argument which is compelling. She says:

"In this case, the divorce court ordered the parties to comply with their agreement. That order applied to husband's obligation to maintain health insurance benefits as

provided in the agreement. * * * She could commence a contempt proceeding under ORCP 78B or an action for damages for breach of the property settlement agreement."

Wife is correct that the stipulated judgment of dissolution of marriage contains a discrete order regarding the marital settlement agreement. It says:

"The Marital Settlement Agreement of the parties, dated October 10, 1986, effective upon approval by the Court, is hereby ratified, approved and incorporated by reference herein in its entirety, *and the parties are ordered to abide by its terms and conditions.*" (Emphasis supplied.)

The judgment then makes separate provisions for judgments which arose from the terms of the marital settlement agreement including spousal support.

■■   Under the doctrine of merger, when an agreement merges into a judgment, the claim on the basis of the agreement is extinguished. The rights under the judgment remain, but a party cannot thereafter maintain an action on the agreement. *Henningsen v. Crandall*, 112 Or App 466, 828 P2d 1055 (1992). Because husband's promise to provide medical insurance in the future is an act to be performed in the future, it did not merge into the judgment of dissolution of marriage. However, that fact did not prevent the promise from being the subject of a separate order of the court.

ORCP 78B provides:

"The court or judge thereof may enforce an order or judgment directing a party to perform a specific act by punishing the party refusing or neglecting to comply therewith, as for a contempt as provided in ORS 33.015 or 33.155."

Because the judgment in this case contains a discrete order requiring husband to provide medical insurance, it was within the authority of the court to hold him in contempt for his failure to comply with the order under *former* ORS 33.010.

■   Alternatively, husband argues that the trial court erred because it relieved wife of any duty to seek employment as a condition precedent to receiving continued health insurance contrary to the property settlement agreement. He asserts that wife's failure to seek employment was a breach of

a material term in the property settlement agreement, and that the breach entitled him to quit paying for her health insurance. In a letter opinion, the trial court said:

"The evidence did not establish that Mr. Barrett had the right to cease to maintain health insurance or to pay his ex-wife's medical bills.

"Until two events occur[,] Husband is obliged to maintain health insurance for his former wife. Those two conditions have never come into being. Under all the circumstances of this case there had to have been some significant uncertainty regarding whether this woman would ever reach the point where [husband's] obligation to maintain her health insurance would end."

The predicate to husband's position is that wife had a good faith obligation to seek employment under the property settlement agreement. The trial court's opinion does not expressly address whether wife had that obligation. We review for errors of law, and for whether there is substantial evidence that father acted wilfully and with bad intent. *Hogue and Hogue*, 115 Or App 697, 839 P2d 760 (1992), *mod* 118 Or App 89, 846 P2d 422 (1993).

■ The agreement provides, in pertinent part:

"11. *Health Insurance.* Husband agrees to provide health insurance coverage for Wife, equivalent to what Wife now has, through his employer for eighteen (18) months from the date the Decree of Dissolution is signed. Thereafter, Husband agrees to furnish or pay for equivalent health insurance coverage for Wife until such time as Wife is employed and has health insurance provided through her employer."

In every agreement, including property settlement agreements, the law implies a promise of good faith to effectuate the reasonable expectations contemplated by the agreement. *See Best v. U. S. National Bank*, 303 Or 557, 739 P2d 554 (1987). Husband argues that, because their agreement contemplated that wife would make reasonable efforts to seek employment, and his obligation to furnish health insurance was intended to continue only until she was employed, he should not be held in contempt when she does not make a good faith effort to find employment. We agree with husband that the agreement implies a good faith promise on the part of wife to seek employment because it

provides that husband's obligation to provide health insurance benefits terminates when wife is employed and when insurance is available through her employer.

■■ Generally, one party's obligation under an agreement to perform is excused when it is a result of the other party's repudiation of his or her obligations under the agreement. *Davidson v. Wyatt*, 289 Or 47, 60, 609 P2d 1298 (1980). However, a party's breach of a property settlement agreement does not necessarily result in the other party from being relieved of the obligation to comply with a court order arising from the agreement. For instance, the failure of one party to deliver property to the other party as required by a property settlement agreement would not prevent a trial court from holding an obligor in contempt for failure to pay child support. Here, the obligation to seek employment is also the subject of the court's order requiring the parties "to abide" by the terms of the property settlement agreement. Her noncompliance with the order could subject her to contempt proceedings but it does not entitle husband to terminate unilaterally his obligation under the court's order to provide health insurance. Husband's argument that the trial court's decision relieves wife of her obligation to seek employment under the agreement is wrong. The trial court did not err in holding husband in contempt.

■ In wife's cross-appeal, she contends that the trial court erred in awarding her only $2,000 of the $4,560 in requested attorney fees. She argues that, under ORS 107.445, she was entitled to a "reasonable" fee, which should be interpreted as the entire requested amount. ORS 107.445 provides, in part:

"[I]n any contempt proceeding brought to compel compliance with any order or decree in any suit for marital annulment, dissolution or separation, the court may make an order awarding to a party, or directly to the party's attorney, a sum of money determined to be reasonable as an attorney fee at trial and on appeal therein."

We review the award of attorney fees in a contempt proceeding for abuse of discretion. *Hogue and Hogue, supra.* We conclude that the trial court did not abuse its discretion in its award of attorney fees.

Reconsideration allowed; decision vacated; affirmed on appeal and on cross-appeal. Costs to wife.