

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOREN CHRISTOPHER TARABOCHIA, | No. 13-35033 |
| Plaintiff - Appellant, | D.C. No. 6:11-cv-00547-TC |
| v. | |
| CLATSOP COUNTY OREGON; MIKE SMITH; THOMAS BERGIN; PAUL TESI, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Submitted March 11, 2016[**]
Portland, Oregon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BERZON and WATFORD, Circuit Judges, and WALTER,*** Senior District Judge.

Plaintiff Loren Christopher Tarabochia alleged two 42 U.S.C. § 1983 claims and one breach of contract claim against Clatsop County and three county officials arising out of his pre-trial detention and subsequent incarceration at Clatsop County Jail in 2009. We affirm as to the Fourth Amendment claim, and vacate and remand as to the Eighth Amendment and breach of contract claims.

1. Tarabochia's Fourth Amendment claim is barred by issue preclusion. *See Qwest Corp. v. City of Portland*, 385 F.3d 1236, 1244 (9th Cir. 2004), *overruled on other grounds by Sprint Telephony PCS, L.P. v. Cty. of San Diego*, 543 F.3d 571 (9th Cir. 2008). In Oregon, matters litigated in a criminal proceeding have preclusive effect in civil cases raising the same issues. *Casey v. N.W. Sec. Ins. Co.*, 260 Or. 485, 490-92 (1985). Tarabochia distinctly raised the same *Gerstein* argument to the state trial court in his motion to dismiss the indictments. By denying the motion to dismiss, the trial court necessarily rejected that argument. As the *Gerstein* issue was thus decided adversely to him, Tarabochia is precluded from raising it in this suit.

***     The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for the Western District of Louisiana, sitting by designation.

2. This court has held that "deprivation of outdoor exercise *could* constitute cruel and unusual punishment." *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (emphasis added). Whether such deprivation satisfies the objective requirement necessary to state an Eighth Amendment claim, *see id.*, turns on the conditions of confinement and length of the deprivation. *See, e.g.*, *Thomas v. Ponder*, 611 F.3d 1144, 1150-52 (9th Cir. 2010); *Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir. 2000) (en banc); *May v. Baldwin*, 109 F.3d 557, 565-66 (9th Cir. 1997); *Keenan v. Hall*, 83 F.3d 1083, 1089-92 (9th Cir. 1996); *Allen*, 48 F.3d at 1087-88; *Toussaint v. Yockey*, 722 F.2d 1490, 1492-93 (9th Cir. 1984); *Spain v. Procunier*, 600 F.2d 189, 199-200 (9th Cir. 1979).

The magistrate judge did not consider the total duration of Tarabochia's confinement—247 days— when assessing the alleged deprivation. Nor did the magistrate judge consider how many minutes of outdoor exercise Tarabochia was able to enjoy on each occasion he was permitted to use the roof. And while the magistrate judge stated that it was "undisputed" that Tarabochia had daily access to out-of-cell indoor exercise in day rooms, the record does not establish such an undisputed fact. Tarabochia submitted evidence that not all jail inmates had access to day rooms and that, because of overcrowding, there were prisoners living in the day rooms, leaving very little space for even walking around.

3

The magistrate judge also based his recommendation in part on his finding that Tarabochia provided no evidence of any medical effects suffered from the alleged deprivation. A showing of adverse medical effects is only required where the denial of outdoor exercise is temporary. *See Lopez,* 203 F.3d at 1133 n.15. Where a plaintiff "allege[s] a deprivation longer than the one in *Allen*"—a six-week period in which the inmate exercised outdoors for 45 minutes per week—"it qualifies as long term." *Id.* Here, Tarabochia alleged a deprivation of about thirty-five weeks, during which he exercised outside for an average of 25 minutes per week. Because these time periods exceed the deprivation in *Allen*, it qualifies as long term. Tarabochia thus "was not required to show adverse medical effects." *Id.*

As to the subjective requirement necessary to state an Eighth Amendment claim, *see Allen*, 48 F.3d at 1087, Defendants knew that the settlement agreement required them to "provide inmates with regular access to outdoor recreation, unless an individual poses a security risk." They also knew, as evidenced by Tarabochia's grievance and Tesi's response, that Tarabochia believed his access was inadequate, and that they were not providing as much access as they otherwise would have had there been more staff at the jail. Although Defendants have explained that they were short staffed by two deputies, that explanation cannot justify any deprivation as a matter of law. *See Allen*, 48 F.3d at 1088 ("we cannot accept the defendants'

4

vague reference to logistical problems as necessarily justifying, as a matter of law at the summary judgment stage, the deprivation that took place here"). The record does not, for example, specify the total number of Corrections Deputies employed, their various responsibilities, or the reason more were not available. As the record now stands, a rational fact-finder could determine that Defendants acted with deliberate indifference.

We therefore hold that the district court's grant of summary judgment in favor of Defendants on Tarabochia's Eighth Amendment claim was inappropriate. We vacate and remand for further proceedings.

3. The grant of summary judgment in favor of Defendants on Tarabochia's breach of contract claim likewise was inappropriate. The release provision in the settlement agreement does not bar Tarabochia's claim. A settlement agreement is subject to ordinary local rules of contract construction and interpretation. *See Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989)*; Miller v. Fairchild Indus.*, 797 F.2d 727, 733 (9th Cir. 1986); *Ristau v. Wescold, Inc.*, 318 Or. 383, 387 (1994). Under Oregon law, when there has been a material breach of contract, the injured party may rescind the contract and sue for restitution or damages, or, in certain cases, may seek specific performance. *See Mohr v. Lear*, 239 Or. 41, 48 (1964). A party that breaches its obligations under a negotiated settlement agreement,

therefore, cannot rely on the agreement's waiver and release provision to preclude claims related to the breach. *See, e.g.*, *Matter of Marriage of Barrett*, 126 Or. App. 62, 68 (1994); *Davidson v. Wyatt*, 289 Or. 47, 60-61 (1980).

Finally, Tarabochia is not equitably estopped from asserting a breach of contract claim. There is no reasonable basis on which to conclude that, by filing only one grievance and by occasionally declining roof access, he waived the settlement agreement's outdoor exercise provision.

**Affirmed in part, and vacated and remanded in part.**

Each party shall bear their own costs on appeal.